## CROSS and others *vs.* PHELPS.

Where a sheriff was sued for seizing property, claimed by the plaintiffs as belonging to them, by virtue of an assignment from S. the former owner, and the defendant justified the taking, under an attachment issued against S. in favor of M. and others, and offered to prove that the assignment by S. to the plaintiffs was fraudulent and void as to creditors; *Held* that he was bound to prove that M. and others were creditors of S., and that the property was taken upon legal proceedings instituted by them.

MOTION for new trial upon bill of exceptions.

*A. G. Rice*, for the plaintiffs.

—— *Wetherby*, for the defendant.

*By the Court*, MARVIN, J.   The action was by the plaintiffs, assignees of Averill E. Sawyer, against the defendant, an under sheriff, who had seized certain property by virtue of an attachment issued against Averill E. Sawyer, in favor of James Myers and others.   The defendant offered to prove that the assignment by Sawyer to the plaintiffs was fraudulent and void as to creditors, and the plaintiffs objected to the evidence, on the ground that it did not appear that Myers and others were creditors of Sawyer. The court overruled the objection, and held that it was unnecessary to prove any indebtedness.   The plaintiffs excepted.   In the charge, the court reiterated the opinion that it was not necessary for the defendant to prove the debt in favor of the attaching creditor on account of which the attachment issued; and the plaintiffs excepted.   I think the learned justice erred in these decisions.   The attachment was against the property of Averill E. Sawyer, and the defendant found the property in the possession of the plaintiffs and seized it.   The plaintiffs claim that the title of the property was in them, and if so, the attachment, however regular and valid, would afford no protection to the defendant.   The plaintiffs had shown a title in themselves, good as against Averill E. Sawyer, and no one except a creditor had a right to question this title.   Hence it was incumbent upon the defendant to show that the property was taken

by him upon legal proceedings instituted by a *creditor.* The sale and assignment were only void as to the *creditors* of Averill E. Sawyer, and it was necessary to show that he was indebted. Had the action been brought by Averill E. Sawyer, then the production of the attachment, regular upon its face, by the defendant, would have been a sufficient protection. (*See High* v. *Wilson,* 2 *John.* 46 ; *Parker* v. *Walrod,* 16 *Wend.* 514 ; *Noble* v. *Holmes,* 5 *Hill,* 194 ; *Daman* v. *Bryant,* 2 *Pick.* 411,)

There must be a new trial ; costs to abide the event.

[ERIE GENERAL TERM, November 7, 1853. *Marvin, Bowen* and *Mullett,* Justices.]