MARTHA HALL *vs.* BURDETT STRYKER, Sheriff of Kings county.

A person claiming to be a creditor, with a warrant of attachment under the code, but with no judgment or execution for his debt, has no standing in court which will enable him to impeach and litigate the *bona fides* of a sale of goods by the alleged debtor, to a third person, which has been consummated by transfer and delivery of the possession before the lien of the warrant attached.

To enable a party to question and put in controversy the *bona fides* of a sale of goods, it must appear affirmatively that he is a creditor of the vendor. Not merely that he is a person claiming a debt or obligation due to him from the vendor, which he proposes to establish by proof; but the character in which the attacking party prosecutes the action, or interposes the defense, and claims to overthrow the sale or conveyance, must be settled, and put at rest, by the judgment or decree of a competent court.

THIS was an action to recover the value of certain household furniture, alleged to have been seized and taken away by the defendant, as sheriff of King's county. The answer put in issue the taking, and also justified, under an attachment issued out of the supreme court in favor of one

Dewitt C. Hay, against Robert Hall; claiming that the property taken was the property of said Robert Hall. The jury found a verdict in favor of the plaintiff for $1178.96, and the court thereupon ordered that the exceptions taken at the trial should be heard in the first instance at a general term, and judgment be there rendered.

*J. M. Van Cott,* for the plaintiff.

*S. P. Nash,* for the defendant.

*By the Court,* BROWN, J. The plaintiff claimed to recover the goods in controversy under a bill of sale, duly executed to her by one Robert Hall, who was the owner at the time. The bill was executed and delivered on the 30th November, 1857, and the object of the parties to the instrument was to secure to the plaintiff the sum of $1000 due to her from the vendor. The defendant is the sheriff of the county of Kings, and he justified, or claimed to justify, the taking of the goods under a warrant of attachment, issued by the Hon. Thomas W. Clerke, one of the justices of this court, in an action pending therein, wherein one Dewitt C. Hay was plaintiff and Robert Hall, the vendor of the goods, defendant. The warrant was issued on the 30th day of November, 1857, and the proof showed that the goods were seized and taken from the possession of the plaintiff at Flatbush, in the county of Kings, on the 1st day of December, 1857, thereafter. Various questions were raised and decided in the progress of the trial; such as, the force and effect of the assignment under which Hay, the plaintiff in the warrant of attachment, claimed the debt as assignee; and as to the proof of the debt and the sufficiency and admissibility of the affidavits to authorize the issuing of the warrant, which it is not necessary to notice further, because the judge tried the cause, throughout, upon the rule that the plaintiff in the warrant of attachment had

Hall *v.* Stryker.

no standing in court, to enable him to litigate the question of fraud in the sale from Robert Hall to the plaintiff, which was the sole defense to the action. All the other questions were subordinate to, and dependant upon, this; and if the judge was right in his view of the law, the judgment should stand, and if not, it should be reversed. I shall examine whether a person claiming to be a creditor, with a warrant of attachment under the code, but with no judgment or execution for his debt, has a standing in court which will enable him to impeach and litigate the *bona fides* of a sale of goods by his alleged debtor to a third person, which has been consummated by transfer and delivery of the possession, before the lien of the warrant attached. It is worth while to consider it briefly upon principle, before looking at the authorities.

Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods or things in action, &c., made with intent to hinder, delay or defraud creditors, &c., as against the persons so hindered, delayed or defrauded, shall be void; not absolutely and positively void, but void in a limited and qualified sense; in another sense, good and valid, and sufficient to pass the title: good as against the vendor or assignor, and those claiming under him, (except in the special case of his personal representatives,) but void and of no effect as to his creditors who have been hindered, delayed or defrauded by the sale or conveyance. In short, such sales and conveyances are voidable at the suit of a creditor of the vendor; and if no creditor interposes and complains, they are as binding and effectual to pass the title as if made with the best intents and for the most innocent and commendable purposes. To enable a party, therefore, to question and put in controversy the *bona fides* of a sale of goods, it must appear affirmatively that he is a creditor of the vendor. Not merely that he is a person claiming a debt or obligation due to him from the vendor, which he proposes

to establish by proof; because if it is to be established by proof, it may be repelled by proof, and thus the principal fact which lies at the foundation of the whole proceeding would be suspended in doubt. But the character in which the attacking party prosecutes the action, or interposes the defense, and claims to overthrow the sale or conveyance, must be settled and put at rest by the judgment or decree of a competent court. Any other rule than this would put in issue in the same cause two separate and icongruous questions; one upon the existence of the debt, and the other upon the good faith of the sale; and in the first of which the proper parties would not be before the court. In the present case Dewitt C. Hay, the plaintiff in the warrant of attachment, claimed to be a creditor of Hall, the vendor of the goods, as assignee of one Frank Hay, who claimed to hold the debt as assignee of Angus Cameron, the original creditor. These facts the sheriff proposed to prove upon the trial; and if it was competent for him to prove that Hall was debtor to Cameron, who had assigned to Frank Hay, and that the latter had assigned to Dewitt C. Hay, it was also competent for the plaintiff to disprove them, if he was able. And thus, before the parties could reach the question of fraud, in the progress of the trial, all the other questions raised would necessarily have to be examined and determined, and that too in the absence of Robert Hall, the debtor, who was not a party to the action. Courts of law have not usually taken cognizance of issues so dissimilar and incongruous, in the same action.

The warrant of attachment may issue according to chapter 4 of the code, in an action for the recovery of money, whenever it shall appear by affidavit that a cause of action exists against the defendant; that the defendant is either a foreign corporation or not a resident of this state, or has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent; or has removed, or is about to remove, any of his

Hall *v.* Stryker.

property from this state with intent to defraud his creditors; or has assigned, disposed of, or is about to dispose of or secrete his property with like intent. Security is to be given by the plaintiff to pay the damages and costs to be sustained by the defendant in the action, by reason of the attachment, if the plaintiff fails to recover. The directions of the warrant are that the sheriff attach and safely keep all the property of the defendant, within his county, to satisfy the plaintiff's demand. These provisions indicate no intention to give to the creditors of a vendor of real or personal estate any new or additional remedy against his alleged fraudulent vendee; because the security given upon granting the warrant is to indemnify the defendant therein, and not the person who has purchased the property, and from whose possession it is taken by the sheriff; and also because the defendant may have an order to discharge the warrant of attachment, upon giving the requisite security, pursuant to sections 240 and 241, and then the property is to be delivered over to him, and not to his vendee, from whom the sheriff may have taken it. Besides, the warrant of attachment may be issued upon the sole ground of non-residence; and it could not have been intended to give to persons claiming to be creditors of non-resident debtors rights against third persons, in respect to fraudulent sales, which are withheld from those claiming to be creditors of resident debtors in respect to the same thing. If the right to pursue the goods into the hands of a purchaser, and try the question of fraudulent intent before the question of creditor is established, and the claim has assumed the form of a judgment and execution, exists as to the creditors of one class of debtors, it must exist as to all, resident as well as non-resident. The warrant of attachment, and the affidavits upon which it issued, establish nothing as to those not parties to the action. So far as purchasers from the defendants therein are concerned, they do not entitle the plaintiff to the character and rank of a creditor; and until he puts himself in that position, by obtaining the judgment or decree of some competent court in his favor, he

cannot be heard, in an action, to impeach for fraud and bad faith a sale made by his pretended debtor.

The court of chancery will not lend its aid to a creditor to obtain satisfaction of his debt out of property not liable to be levied upon by execution, unless he shows a judgment recovered and an execution thereon returned unsatisfied. He must first exhaust his remedy at law. Nor will the court lend its aid to remove an obstruction or impediment interposed to the collection of his debt, unless he also shows a judgment docketed, if the subject sought to be recovered is real estate, or an execution issued, if the subject is personal estate, and which would have been a lien but for the obstruction which he seeks to remove. (*Crippen* v. *Hudson*, 3 *Kern.* 161. *McElwain* v. *Willis*, 9 *Wend.* 548.) These principles, familiar to every practitioner, serve to show the certainty which the law requires when the creditor seeks to impeach the transactions of his debtor with third persons. To entitle a party to avoid a deed as fraudulent in respect to creditors, he must claim under a valid judgment. (*Jackson* v. *Cadwell*, 1 *Cowen*, 622. *Coleman* v. *Crooker*, 1 *Vesey*, 160. *Bean* v. *Smith*, 2 *Mason*, 282.) In *Lake* v. *Billings*, (1 *Lord Raym.* 733,) trespass was brought against the sheriff for goods taken. Upon not guilty pleaded, he gave in evidence that he levied on them in execution, by virtue of a *fieri facias*. The plaintiff made title by a prior execution, but fraudulent, and by a bill of sale made of them to him by the officer, viz. the sheriff's predecessor, to the defendant. And upon the trial it was ruled that the defendant ought to give in evidence a copy of the judgment. But it would have been otherwise, if trespass had been brought by the person against whom the *fieri facias* issued. In the case of *Martyn* v. *Podgie and others*, (5 *Burrow*, 2631,) the plaintiff claimed the goods under a bill of sale from William Martyn, which was said to be fraudulent, and the defendant justified under a writ of *fieri facias* issued against William Martyn. The court, by Lord Mansfield, held that it was necessary to produce the judgment. See

Hall *v.* Stryker.

also *Ackworth* v. *Kempe*, (*Doug.* 40,) where the same rule was applied upon the trial, and afterwards approved at bar, in regard to one of the writs of *fieri facias*, under which the defendant attempted to justify the taking of the goods. In *Parker* v. *Walrod*, (16 *Wend.* 514,) decided in the late court of errors, Chancellor Walworth says, "In the three cases last quoted, and also in *High* v. *Wilson*, (2 *John. Rep.* 46,) the plaintiffs showed title in themselves derived from the defendant in the execution before the lien of the execution attached thereon. The execution itself, therefore, was no defense to the officer, who could only make it available against a stranger to it by connecting it with a judgment, and then showing that the transfer of the property to the person thus claiming was fraudulent and void as against the creditors who had recovered the judgment. In this view of the subject, it will be seen that the cases referred to may be sustained upon principle, as the production of the judgment record was necessary to establish the fact that the execution issued upon a judgment rendered for a cause of action which existed, or for a debt contracted, before the issuing of the execution; otherwise there would have been no creditor as against whom the transfer of the property could have been fraudulent." In *Frisbey* v. *Thayer*, (25 *Wend.* 396,) the question was between the landlord of the owner of the goods, with the right to distrain and to follow the goods, and a mortgagee who had removed them from the demised premises within 30 days. The point was taken that as there was no change of the possession, the mortgage was fraudulent. Nelson, Ch. J., in regard to this question, says, "Neither does the statute (2 *R. S.* 70, § 5) making mortgages void as to creditors and subsequent purchasers apply, as the question there can only arise between judgment creditors and the mortgagee. A distress warrant does not stand on the footing of a judgment and execution." The warrant of attachment directs the sheriff to attach and safely keep the property of the defendant, sufficient to satisfy the plaintiff's demand; and the writ of *fieri facias* or execution

also directs him to satisfy the plaintiff's judgment out of the personal property of the defendant—not the property which he has sold and delivered over to another before the lien of the process has attached. In no sense can property so sold and transferred be deemed the property of the defendant in the execution or warrant of attachment. As against him the title of the purchaser is perfect and complete. The law may adjudge that such property shall be appropriated to the payment of the vendor's debts; but it does so upon the principle, that in equity and justice it belongs to his creditors.

I therefore conclude that the judge was right in excluding the evidence offered by the defendant, to show the indebtedness from Robert Hall to Angus Cameron, and also when he instructed the jury that the only questions in issue were the taking of the property by the defendant, the title of the plaintiff to it, and its value.

The judgment should be affirmed.

[King's Generel Term, February 14, 1859. *Lott, Emott* and *Brown*, Justices.]