HENRY ZIMMERMAN, Appellant, *vs.* JAMES LAMB and GEORGE W. PIPER, Respondents.

APPEAL FROM THE DISTRICT COURT OF NICOLLET COUNTY.

A writ or warrant of attachment allowed by a Clerk of the District Court is void,—the allowance of the writ being the exercise of judicial power, which is vested solely in the Courts.

Declarations made by a party who has conveyed his title or interest in property, made subsequent to such conveyance and disconnected with it, cannot be received to invalidate the title of the grantee, or those claiming under him.

The remark of the Judge at the trial of a cause, that the exclusion of certain evidence offered by Defendants must put an end to the defence in the case, does not relieve the Defendants from the duty of making a specific offer of any testimony they may have touching any issue other than that affected by the evidence excluded, especially where other testimony is received upon such issue. A party cannot introduce some evidence upon a particular issue, and when defeated upon it, claim the benefit of a new trial, on the ground that he was not required to offer all his evidence from a belief induced by a remark of the Court, that the same would or might be excluded.

There was a verdict in the Court below in this cause in favor of the Plaintiff for $401.03. The Defendants moved

for a new trial, which motion was sustained. The Plaintiff appeals from this order.

Cox & Bryant, Thos. Cowan, and A. G. Chatfield, Counsel for Appellant.

Austin & Warner, Counsel for Respondent.

*By the Court*—Atwater, J.—This was an action brought by the Appellant to recover the value and damages for the alleged wrongful taking of certain personal property by the Defendants. The answer set up a justification, alleging that the property had been seized by Lamb as Sheriff of Nicollet county, under and by virtue of a warrant of attachment issued out of the District Court of the Third Judicial District, in an action in which George W. Piper was Plaintiff, and one John Johnston Defendant, and alleging that the property belonged to said Johnston. The answer alleges that the warrant of attachment was obtained from and allowed by the Clerk of said Court.

There was a jury trial and verdict for the Plaintiff. The Defendants moved for a new trial, which was granted, and the Plaintiff appeals from the order.

As the Judge who tried the cause has filed no opinion, we are unable to determine upon what ground a new trial was granted, and must decide from the record whether any errors occurred at the trial, entitling the Defendants to the order appealed from.

Upon the trial of the cause, the Defendants offered in evidence the writ of attachment under which the seizure of the property was made, which evidence was received under objection by Plaintiff. In the course of the trial however, the writ was ruled out by the Judge, who decided that it could not be received for any purpose, to which Defendants excepted. This ruling appears to have been made upon the first. objection raised by Plaintiff to the introduction of the writ, to wit, "that it appeared from the face of said warrant that a cause of action appeared to the officer allowing said warrant by complaint, instead of from affidavit as required by statute,

and that therefore said writ or warrant of attachment was void on its face."

We do not deem it necessary to decide whether this objection is well taken, as for another reason we hold the warrant of attachment void. It appears from the answer that the warrant was obtained from and issued by the Clerk of the District Court in which the action against Johnston was pending. In *Lovejoy & Brockway et als. vs. D. Morrison et als.*, decided at the last December term of this Court, we held that the allowance of a writ or warrant of attachment was a judicial act, and that a clerk of the Court had no authority to allow such writ. The warrant was therefore properly rejected by the Court below, and though a wrong reason may have been assigned for it, yet as the ruling was correct, it would form no ground of error, as the defect could not have been amended, and the objection might be interposed at any time were a new trial granted.

Upon the trial the Defendants offered to prove that the witness Johnston made declaration that he owned the cattle after the alleged sale by Johnston to Zimmerman.

This evidence was objected to by Plaintiff and excluded by the Court, and correctly as we think. In *Burt vs. McKinstry & Seely et al.*, 4 *Minn.*, 204, we held that declarations made by a party who has conveyed his title or interest in property, made subsequent to such conveyance and disconnected with it, cannot be received to invalidate the title of the grantee, or those claiming under him.

The witness, Piper, on a further examination, testified to having had a conversation with Johnston, and was asked by Defendant's counsel, whether in that conversation Johnston made any statements as to said property having been disposed of by him, or that he could not let Defendant, Piper, have the same, for the reason that it had been sold or disposed of to another person? This was offered for the purpose of impeaching the credibility of Johnston, and also to show the fraudulency of the sale. The evidence was excluded.

It does not appear that any proper foundation had been laid for the introduction of this evidence as impeaching testimony, by the proper inquiries of Johnston. Nor was it com-

petent to show the fraudulency of the sale, for at the time of the taking, the Defendant, Piper, was not a judgment creditor of Johnston, and had not shown himself in a position to question the sale on that ground. Since even if the property had been Johnston's, the Defendants had no right to take the same in the manner and at the time they did, the writ of attachment being void. The evidence was therefore immaterial in any aspect of the case.

But it is contended by the counsel for the Defendants that it was not necessary, after the rulings of the presiding judge, to offer any testimony, nor that the relevancy or the sufficiency of the testimony at the command of the Defendants to impeach the sale, should appear; that where a decision has been made that excludes evidence under the issues, such decision will be reversed and a new trial granted, without requiring the party aggrieved to establish in advance the fact that he had testimony relevant and competent to support such issues. This position we presume to be assumed, with reference to a remark of the judge (which appears in the case), on the exclusion of the writ of attachment, "that the decision as to the admissibility of the warrant of attachment in evidence, must put an end to the defence in this case."

However improper such a remark might be, if the Defendants had in fact other defence, it does not appear in this case that the judge himself acted upon such view, nor that the jury were influenced by it, for much testimony was afterwards received touching the sale, and title of the property in Plaintiff. This fact, considered in connection with the whole decision of the Court at the time of ruling out the attachment, leaves the fair inference that the remark only applied to the defence so far as the question of fraud was concerned. The decision was that the "writ should not be received in evidence for the purpose of justification or for any other purpose, that no testimony nor evidence should be received thereunder, to question the validity of the pretended sale of the oxen from Johnston to Zimmerman, or to show the fraudulency thereof, and that this decision as to the admissibility of said warrant of attachment in evidence, must put an end to the defence in this case."

Had this ruling been incorrect with reference to the question of fraud raised by the answer, it might have relieved the Defendants from making any further offer of proof on that head. But I do not think they were thereby relieved from . offering proof, if any they had, to show that no sale was ever made to Zimmerman, if under the pleadings they were entitled to prove such fact. And that the Defendants did not consider themselves precluded from offering such testimony, is shown from the fact, that after such decision, testimony was offered by them, and received without objection, bearing upon that point. In these circumstances, they should have made a definite offer of all evidence which they desired to introduce on the subject, and required a direct and positive ruling of the Court as to its admissibility. It would be unjust to permit a party to introduce some evidence upon a particular issue, and when defeated upon it to claim the benefit of a new trial, on the ground that he was not required to offer all his evidence, from a belief induced by a remark of the Court, that the same would or might be excluded.

If the warrant of attachment be excluded, the only issue made by the pleadings, is the ownership of the property. The allegation of the answer, with reference to the qualified possession of Zimmerman, is only important in its bearing upon that issue, as we held in *Derby & Day vs. Gallup*, 5 *Minn.*, 119, that a party would not be permitted to plead a justification and also a denial of the possession of Plaintiff. The denial of value is insufficient in form, as it involves a negative pregnant. As the Court did not exclude evidence on this point, and as it does not appear affirmatively that the jury were prejudiced by the remark, nor that the Defendants have any further evidence on the point, we do not think the Court was justified in granting a new trial on this ground.

In the first proposition laid down by the Court in its charge to the jury, we do not think there was error. In the second proposition the Court charged, that the measure of damages which the Plaintiff is entitled to recover, (if any), is the value of the cattle at the time of taking, with lawful interest thereon from that time to the verdict, and such other sum as the jury may deem right to indemnify the Plaintiff for his

loss by the taking of the cattle from him under the circumstances."

Whether the latter part of this proposition be correct or not, it is unnecessary to inquire, since the value of the cattle is admitted by the answer, and the amount of the verdict is only such value with interest from the time of the taking. To such amount of damages, at least, the Plaintiff was entitled on a verdict in his favor, and the jury were therefore not misled by the charge to the prejudice of the Defendants.

We think the order granting a new trial should be reversed.