## BENTLEY & BURTON *vs.* GOODWIN.

An attaching creditor, who has not yet recovered a judgment, is not within the class of persons who can impeach the *bona fides* of a judgment confessed by the debtor, to a third person, before the levying of the attachment. That can only be done by a judgment creditor.

Decisions made at a general term of the court in any district, if expressly in point, should be followed in other districts; unless evidently made through some mistake, or they are so clearly erroneous that there can be no hesitation as to the error.

THE defendant, William Goodwin, confessed a judgment in this court to John Bellamy for $2000, which was docketed in the office of the clerk of the city and county of New York on the 15th day of September, 1852. Execution was issued on this judgment, against the property of the judgment debtor, to the sheriff of the said city and county, who made a levy thereunder on the property of the judgment debtor, and advertised the property for sale. Before the day fixed for such sale, the plaintiffs, Bentley & Burton, presented affidavits, in the above entitled action, to one of the justices of this court. In these affidavits it was claimed that Goodwin was indebted to the said Bentley & Burton on contract, for goods sold and delivered, to the amount and value of $732.02; that the defendant had sold and disposed

of, at great sacrifice, considerable quantities of merchandise, from his said store, with intent to defraud his creditors; and that he had, after secreting himself for a time, absconded and left this state, taking with him the proceeds of the merchandise last mentioned. Accompanying these affidavits was the usual security, by undertaking, as required by the code, (§ 230;) and the justice to whom the application was made issued an attachment against the property of Goodwin, which was placed in the hands of the said sheriff on the 17th day of September, 1862, and the sheriff made a levy thereunder on the same property seized by him under the execution above mentioned. Bentley. & Burton thereupon presented further affidavits to one of the justices of this court, setting forth the facts above stated; also various other facts which were claimed to show that the said judgment was collusively and fraudulenly given; that Goodwin was not indebted to Bellamy; that the property seized by the sheriff under the execution was greatly insufficient to satisfy the judgment; that Bellamy was insolvent; and that if the said fraudulent judgment and levy were permitted to stand, the debt of Bentley & Burton would be wholly lost. On these papers the justice to whom the application was made granted an order, in this action, directing Bellamy to show cause why the said judgment and levy should not be set aside; and also directing the sheriff to stay proceedings on the levy, until the further order of this court. The motion on the said order to show cause, came on to be heard before the Hon. RUFUS W. PECKHAM, one of the justices of this court, at special term, on the 10th day of October, 1862. It was opposed by Bellamy, whose counsel raised the preliminary question that the plaintiffs, as attaching creditors, had no standing in court to attach or move against the said judgment and levy; whereupon "it was considered by the court that the said preliminary question was well taken; and it was therefore ordered that the said motion be and the same was thereby denied, with $10 costs; that the stay of pro-

Bentley *v.* Goodwin.

ceedings theretofore granted be continued, with the modification that the sale proceed, and the sheriff hold the proceeds until the hearing and decision of the general term on an appeal from this order." There were no opposing affidavits read on the motion. From that portion of the order which is above quoted, the plaintiffs appealed to the general term.

*John A. Bryan,* for the appellant. I. On this appeal it must be assumed that the judgment is fraudulent, and that all the facts stated in the moving papers are true. (1.) There were no opposing affidavits. (2.) The merits were not inquired into on the motion, and will not be considered on this appeal.

II. The court below erred in deciding that the plaintiffs, as attaching creditors of Goodwin, had no standing in court to attack a levy under the judgment fraudulently confessed by him. (1.) The court below, without argument, rested its decision on the case of *Hall* v. *Stryker,* (29 *Barb.* 105,) decided in the supreme court, second district, at general term, February 14, 1859, which holds, that "A person claiming to be a creditor, with a warrant of attachment under the code, but with no judgment or execution for his debt, has no standing in court which will enable him to impeach and litigate the *bona fides* of a *sale of goods* by the alleged debtor, to a third person, which has been consummated by transfer and delivery of the possession before the lien of the warrant attached." And further holds, that "To enable a party to question and put in controversy the *bona fides* of a sale of goods, it must appear, affirmatively, that he is a creditor of the vendor; not merely that he is a person *claiming* a debt or obligation due to him from the vendor, which he proposes to establish by proof; but the character in which the attaching party prosecutes the action, or interposes the defense, and claims to overthrow the sale or conveyance, must be *settled and put at rest*, by the judgment or decree of a competent court." (2.) The court below was shown the subsequent case of

*Thayer* v. *Willet,* (5 *Bosw.* 344,) decided in the superior court of the city of New York at general term, November, 1859, which reviews *Hall* v. *Stryker* at much length, and holds that an attaching creditor *has* a standing in court to attack a fraudulent sale of goods by the debtor; and that a sheriff, making a levy on those goods under an attachment, may, if sued by the vendee to recover the possession of them, set up in his answer and show, by way of defense, that such sale was fraudulent. But the court below thought that a judge sitting at special term of this district was bound by the decision of the same court at general term, (although of another judicial district,) until such decision should be reversed by a general term of this district. (3.) It was assumed by the court below, and will be admitted here, that if an attaching creditor cannot attack a fraudulent sale of goods, he cannot impeach a fraudulent judgment. (4.) The two cases above cited are, therefore, directly in point, and are squarely opposed to each other. One or the other of them must be sustained by the general term of *this* district. The question is one of great importance and should be carefully considered. (5.) We submit that the case of *Hall* v. *Stryker* was not considered with that care which was bestowed on *Thayer* v. *Willet.* In the latter, one of the justices puts a case as illustrating the manifest injustice which would result from denying to attaching creditors a standing in court to impeach the fraudulent acts of their debtors, in respect to property seized by virtue of their attachments regularly issued as authorized by law. Our case is quite as strong as that here put of the fraudulent sale by father to son. We have a judgment collusively and fraudulently confessed, to an amount large enough to sweep all the property the absconding debtor leaves behind him; it is founded on no valid consideration whatever; and the "judgment creditor" being insolvent, the attaching creditors will get nothing if they are compelled to wait till they recover judgment and issue execution. In the mean time the sheriff, if not stayed by some court of com-

Bentley *v.* Goodwin.

petent jurisdiction, will have sold the property under the execution and paid over the proceeds to an insolvent person.

III. Our remedy may be by motion; and this motion is regular. (1.) The sheriff could not be expected to treat the execution on the confession of judgment as a nullity; nor would he, even under a bond of indemnity from the attaching creditors, retain the proceeds of a sale to satisfy any judgment they might recover. Unless he is stayed by order of the court, he must first satisfy the execution. There was no way by which he could be made a party to an action, as in the cases of *Hall* v. *Stryker* and *Thayer* v. *Willet.* As attaching creditors, we could not sue him to recover the proceeds of a sale under the execution. (2.) Courts have control over their own judgments, whether by confession or otherwise, and may set them aside either on a motion or by action. (*King* v. *Shaw*, 3 *John.* 142. *Everitt* v. *Knapp*, 6 *id.* 331. *Frasier* v. *Frasier*, 9 *id.* 80. *Lansing* v. *McKillup*, 1 *Cowen*, 35. *Chappel* v. *Chappel*, 2 *Kern.* 215. *Dunham* v. *Waterman*, 17 *N. Y. Rep.* 9.) (3.) If by action, the only necessary parties would be the attaching creditor, and the judgment creditor; and if by motion, notice to the judgment creditor would alone be necessary. (4.) The proper title of the motion papers would be in the action of the attaching creditors against Goodwin. There is no other *action.* The execution was on a "judgment by confession *without action.*" (*Code*, § 382.)

*John Cheney*, for the judgment creditor. I. The motion is made in this action to set aside a judgment in another action in favor of a person not a party to this action. The relief cannot be granted in this action. The motion should be entitled in the other action, or in both actions.

II. The moving parties are not judgment creditors of Goodwin, the judgment debtor in the judgment sought to be set aside. They claim to be *only* creditors at large. They have no standing in court to make this motion, or to question

the judgment of Mr. Bellamy. (1.) In all the reported cases where the court has interfered to set aside or postpone the lien or effect of a judgment by confession, it appears by the case that the party applying for relief was a judgment creditor. (2.) In all these cases the court, in the opinions delivered, have expressly declared that it was only judgment creditors who could appeal to the court for relief, and that creditors at large could not be heard. (*Wiggins* v. *Armstrong*, 2 *John. Ch.* 144. *Williams* v. *Brown*, 4 *id.* 682. *Hall* v. *Stryker*, 9 *Abbott*, 342. *Schlussel* v. *Willett*, 34 *Barb.* 618; see also *Willetts* v. *Hardenburgh*, *Id.* 424. *Wintringham* v. *Wintringham*, 20 *John.* 297. *Beekman* v. *Kirk*, 15 *How.* 228, 231. *Schoolcraft* v. *Thompson*, 9 *id.* 63. *Winnebrenner* v. *Edgerton*, 8 *Abb.* 420. *Chappel* v. *Chappel*, 2 *Kern.* 215. *Dunham* v. *Waterman*, 17 *N. Y. Rep.* 12 *to* 14.) (3.) A judgment upon an insufficient statement is good as between the parties. Where the property of the defendant has been sold under an execution upon such a judgment, the purchaser's title cannot be impeached by a creditor having no judgment or lien on the property at the time of the levy. (*Miller & Luther* v. *Earl et al., Court of Appeals,* Oct. term, 1862, *N. Y. Transcript*, Oct. 14, 1862. *Neusbaune* v. *Kein et al., same court, same term, N. Y. Transcript*, Oct. 13, 1862.) (4.) A judgment upon an insufficient statement is not void but voidable, and that only as to a subsequent valid judgment; and the only order to be made in such a case is to postpone it as a lien, or set it aside as against the valid judgment in favor of the party applying for relief. If the moving party has no judgment, no such order can be made. (*Chappel* v. *Chappel*, 2 *Kern.* 215. *Hoppock* v. *Donaldson*, 12 *How. Pr. Rep.* 141.) The case of *Thayer* v. *Willet* (5 *Bosw.* 344) is not an authority in point. There the plaintiff claimed the goods under a bill of sale. The defendant as sheriff seized the goods under a warrant of attachment. The court in that case, in rendering the decision, sheltered itself under the statute, viz: That the statute ex-

Bentley *v.* Goodwin.

pressly authorized an attachment against the property of a defendant who had sold or disposed of his property with intent to hinder, delay or defraud creditors; and that by implication authorized seizure under the attachment of the property so sold or disposed of, and authorized the sheriff to hold the property so seized to secure or satisfy any judgment that might be rendered, such sale being by another statute declared void, and the property as to creditors being deemed still the property of the debtor. Thus the court fortified by statute every step in the argument to sustain the proposition that a sheriff could justify the seizure of property so disposed of under an attachment in an action brought against him for such seizure. But in this case the appellants are seeking to set aside summarily, by motion, a record, viz. a prior judgment and execution and levy. The judgment must be presumed to be bona fide and valid, unless it is void upon its face. The court would not try the bona fides of the judgment on affidavits, on a motion; but on that question would give the party the benefit of a trial and the examination and cross-examination of witnesses. The court of appeals has held the object of the provisions in the code in respect to judgment by confession was the same as that of section 6 of chapter 259 of the laws of 1818; " that the objects of both statutes were precisely the same ;" that " although the code does not in terms enact, as was done by the act of 1818, that a judgment confessed without a compliance with its provisions shall be ' decreed and adjudged fraudulent' in respect to ' other bona fide *judgment* creditors ;' yet considering the object in view, it is plain that such must be its meaning ;" that is, that the judgment is void as to other bona fide *judgment* creditors. (*Chappel* v. *Chappel*, 2 *Kernan*, 221, 222. *Dunham* v. *Waterman*, 17 *N. Y. Rep.* 12, 13, 14.) It is apparent, therefore, that the reasoning in *Thayer* v. *Willet* will not aid the appellants.

INGRAHAM, P. J.  We see no reason for reversing the order appealed from.  The case of *Hall* v. *Stryker* (29 *Barb.* 105) was decided by the general term of the second district.  That case holds that an attaching creditor is not within the class of persons who can impeach the bona fides of a judgment confessed by a debtor to a third person, before the attachment was levied.  This can only be done by a judgment creditor.

The attachment is no evidence of the plaintiff's claim, or of his right to recover.  In the case of a non-resident debtor, it is nothing more than the means of commencing the action, and takes the place of the summons.  The fact that an attachment was issued on the affidavit of the plaintiff on an ex parte application, furnishes no greater proof of his being a creditor than the complaint verified by him does.  Both state a cause of action on his part, sworn to by him; and yet it is of constant occurrence that in both cases the plaintiff fails. We concur with the general term of the second district, in the case referred to.

Even if we doubted on that point, we have often said that we considered that the decision of a general term of another district, expressly in point, ought to be followed by us, unless we were of the opinion that it was made through some mistake, or was so clearly erroneous that we should have no hesitation as to the error.  Such is not the case here.

In addition to the reasons assigned in that case may be added the further ground that there is uncertainty, in all cases commenced by attachment, whether the plaintiff will ever recover a judgment.  The uncertainty as to the plaintiff's rights is of itself sufficient ground to deny such a motion. If granted and the plaintiff should not recover judgment, injustice would be done to the party having the judgment and entitled at any rate to the security of the judgment for his debt, as between him and his debtor, even if the statement on which the judgment was confessed should be defective.

The order appealed from should be affirmed.

---

LEONARD, J.   I concur in the result of the above opinion, upon the ground only that the attaching creditor may not institute actions or proceedings to test the validity of the rights of other claimants, before judgment has been rendered in favor of the attaching creditor.

