### *LYSANDER C. JACOBY

#### v.

### WILLIAM S. DREW et al.

An undertaking, upon which a warrant of attachment is obtained from a clerk of the District Court, without a previous allowance by a judge is invalid, and will not support an action.

This action was brought in the District Court for Winona county, upon an undertaking for an attachment executed by the defendants pursuant to the provisions of Chap. 60, Pub.

---

*Chief Justice Wilson having been of counsel, took no part in the decision of this case.

Stat. The material allegations of the complaint are substantially as follows : That one Randall, having commenced an action against Jacoby, (plaintiff,) desired to obtain an attachment therein, against Jacoby's property, and at Randall's request the defendants executed an undertaking as prescribed by said Chap. 60. * * * The undertaking, together with the affidavit in such cases required by statute, were presented to the clerk of said court, who thereupon issued a warrant of attachment under his hand, &c., and tested in the name of the Hon. Thomas Wilson, judge of said court. Under this warrant of attachment, the sheriff seized plaintiff's property, and held the same till the final determination of the action, which was in favor of Jacoby. That plaintiff has sustained damages, and demands judgment against defendants therefor, to the amount mentioned in the undertaking.

The defendants demurred, on the ground that it appears on the face of the complaint that the same does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendants appeal to this court.

WILLIAM MITCHELL, for appellants.

BERRY & WATERMAN, for respondent.

*By the Court*—BERRY, J.—The warrant of attachment issued by the clerk, without a preliminary allowance by the judge, was, as heretofore decided by this court, unauthorized and void. *Lovejoy v. Morrison*, 6 Minn. 183; *Zimmerman v. Lamb*, 7 Minn. 423 ; *Guerin v. Hunt*, 8 Minn. 487.

The undertaking required by statute in case of attachment, does not possess the necessary elements of an ordinary contract. Owing its binding force and obligation entirely to the statute, it follows that it is only in the cases in which it is authorized by statute that it can possess any validity.

It is obvious, therefore, that the undertaking upon which this action is founded, is invalid, and, therefore, its breach furnishes no cause of action, because the constitutional statute neither contemplates nor authorizes the issue of a warrant by the clerk without allowance thereof by the judge, nor of course the execution or use of an undertaking for the purpose of procuring the same.

The warrant and the undertaking are alike void. The facts of the case of the *State v. The City of Buffalo*, 2 Hill, 434, relied upon by the counsel for the respondent, make out a ratification of an assumed agency, and there is nothing of that kind here.

The order overruling the demurrer is reversed, and the cause remanded.