## KNEELON B. BRALEY

### *vs.*

## PATRICK BYRNES.

In replevin by a mortgagee of personal property against a sheriff attaching it as the property of the mortgagor, where the defense is that the mortgage is fraudulent as against the mortgagor's creditors, the sheriff must prove the existence of the debt on which the attachment issued.

This proof may be made by any evidence that would establish the debt in an action against the mortgagor; but the summons and complaint in the attachment suit, the writ of attachment, and the affidavit, &c., on which the writ issued, are not competent evidence for this purpose.

A mortgage may be fradulent as against creditors, although founded on a valuable consideration.

Action to recover possession of certain personal property, being part of the furniture of a hotel in Faribault, mortgaged by one William Root to the plaintiff, November 6, 1872, and on the same day taken from Root's possession by the defendant. Defense, that the plaintiff's mortgage was fraudulent and void as against Root's creditors, and that the defendant took and holds the property in question by virtue of a writ of attachment, issued in a suit brought against Root by one J. D. Greene, to whom Root was largely indebted at the date of the execution of the mortgage.

At the trial in the district court for Rice county, the plaintiff proved the due execution and filing of his mortgage, which contained a provision authorizing him to take the mortgaged

property into his possession at any time he might think proper. He also proved that the mortgage was given to secure a present loan of money, that the money thus obtained was at once used by Root to pay off a mortgage held by Greene upon the entire furniture of the hotel, and that before suit brought, he had properly demanded of the defendant possession of the property.

The defendant introduced in evidence the summons and complaint, (dated November 5, 1872, served November 6, 1872,) in the suit of Joseph D. Greene vs. William Root, also affidavit and bond for attachment, the order approving the bond and allowing the writ, the writ of attachment and return thereon, by which papers it appeared that Greene's claim against Root was for more than eight hundred dollars. No other evidence was introduced to prove any indebtedness of Root to Greene, or to any other person.

The defendant also proved that a minute after the execution of the plaintiff's mortgage, Root executed a mortgage on all the furniture of the hotel to one Hildreth, his brother-in-law, residing and then being in Vermont, and that the Hildreth mortgage was wholly without consideration, and introduced evidence tending to prove that the two mortgages were parts of one transaction, and tending to prove a fraudulent intent on the part of Root and the plaintiff.

The plaintiff requested the court to instruct the jury " that if they should find that the money advanced by Braley on the mortgage in question was intended by the parties, at the time of the execution thereof, to be applied in payment and satisfaction of the mortgage to Greene from Root, and it was so applied by them, there could be no design to defraud said Greene, by said mortgage;" which instruction the court refused to give, and plaintiff excepted.

After verdict for the defendant, the plaintiff moved for a

Braley v. Byrnes.

new trial on the ground that the verdict was not justified by the evidence, and for errors in law, and appeals to this court from the order denying such motion.

Batchelder & Buckham and Geo. N. Baxter, for Appellant.

Gordon E. Cole, for Respondent.

*By the Court.*—Young, J.—The appellant's mortgage from Root was given as security for money lent, and by its terms entitled him to take the mortgaged property from the mortgagor's into his own possession at any time he might think proper. Nothing was left to be done to complete the transaction, nor was the mortgage merely colorable, nor was the mortgagee in any manner a trustee for the mortgagor. The appellant, therefore, acquired by the mortgage a title to the possession of the property in dispute, valid as against Root, the mortgagor, and assailable only by the creditors of the latter.

The respondent, having seized the property by virtue of an attachment, issued in the suit of one Greene against Root, seeks to avoid the appellant's mortgage as fraudulent as against the mortgagor's creditors. To maintain this attack upon the *bona fides* of the mortgage, the respondent must show, as a necessary ingredient of the fraud alleged, without which the mortgage could by no possibility be fraudulent as against creditors, an indebtedness on the part of Root; for there can be no fraud upon creditors without creditors to be defrauded.

And it is not enough for the respondent to prove that Root was indebted to creditors, (other than himself,) against whom the mortgage would be fraudulent. As only creditors of Root can be defrauded, so only a creditor can question the *bona fides* of the mortgage; and the respondent must therefore show that he is himself a creditor, or that he represents such a

creditor, and not a mere general creditor, but one who has acquired a lien upon the mortgaged property, either by proceedings in equity, or by virtue of process by which such property, if the mortgagor's, might lawfully be seized.

These are familiar principles, of frequent application, and need no citation of authorities for their support.

One ground of the motion for a new trial was the want of sufficient evidence to sustain the verdict, and the appellant insists that no proof was made at the trial of the existence of the relation of debtor and creditor between Greene and Root.

No attempt was made, at the trial, to prove any indebtedness of Root to any other person than Greene, so that not only the respondent's right to attack the mortgage as fraudulent, but the character of the instrument itself, depends on the sufficiency of the evidence introduced to prove the alleged debt upon which the attachment was issued.

This evidence is thus stated in the settled case, which purports to " embrace all the evidence material to the issues in the case, given on the trial thereof."

" The summons and complaint, (dated November 5, 1872, served November 6, 1872,) in the case of Joseph D. Greene vs. William Root, were offered and received in evidence. Also, affidavit, bond, and order approved and signed by T. H. Streeter, court commissioner, of Northfield, of allowance of writ and approval of bond, dated November 5, 1872; and writ of attachment issued by Jas. G. Shonts, clerk of court, Faribault, Minn., dated November 6, 1872, with return thereon, showing attachment of property in question, Nov. 6, 1872, it appearing by papers in attachment suit that Greene's claim against Root was over eight hundred dollars."

Where, as in the present case, the transaction is complete and valid between the mortgagor and the mortgagee, and is assailable only on the ground of fraud, and it becomes neces-

sary for the sheriff to show that he represents a creditor, he may prove this by any evidence which would establish the fact in an action against the mortgagor himself. (2 *Greenl. Ev sec.* 597.) And it may be added that the mortgagor's indebtedness, as an element of the fraud alleged, may be proved in the same manner.

The evidence introduced was properly received to show that the writ of attachment was regularly issued, levied, and returned ; but it could have no tendency to prove any indebtedness from Root to Greene, at whose suit the process was issued. At the trial of Greene vs. Root, the plaintiff would surely fail to establish his cause of action, if he offered no other proof of it than his complaint, *ex parte* affidavit, and the order and process issued thereon. All these proceedings would be clearly inadmissible as against Root, to prove his indebtedness to Greene, and it would be strange if the same proceedings should be sufficient or competent evidence to prove the same fact as against the appellant in this action, in which they are open to the further objection that the appellant is an entire stranger to the suit in which they were had, and as to him they are wholly *res inter alios acta.*

The nature of the evidence required to prove the relation of debtor and creditor between parties to an attachment, in suits between the attaching officer and one claiming the property under a prior conveyance or mortgage from the defendant in the attachment, has often been considered by the courts, and our opinion, that the attachment proceedings are not of themselves competent for this purpose, is sustained by the following authorities : *Damon vs. Bryant,* 2 *Pick.* 411 ; *Inman vs. Mead,* 97 *Mass.* 310 ; *Jones vs. Smith,* 2 *Wis.* 210 ; *Eaton vs. White,* 2 *Wis.* 292 ; *Norton vs. Kearney,* 10 *Wis.* 443 ; *Bogert vs. Phelps,* 14 *Wis.* 88 ; *Thornburgh vs. Hand,* 7 *Cal.* 554 ; *Sexey*

*vs. Adkinson,* 34 *Cal.* 346 ; *Maley vs. Barrett,* 2 *Sneed,* 501 ; *Cross vs. Phelps,* 16 *Barb.* 502 ; *Rinchey vs. Stryker,* 28 *N. Y.* 52.

The case of *Hall vs. Stryker,* 27 *N. Y.* 596, is cited by the respondent's counsel as establishing a different rule from that which we have adopted as the law of this case. In *Hall vs. Stryker,* a sheriff, sued in trespass for taking goods by virtue of an attachment against the plaintiff's vendor, sought to impeach the *bona fides* of the sale. The supreme sourt held, (29 *Barb.* 105,) that this defense was not open except to an execution creditor, and upon this point the judgment was reversed in the court of appeals, all the judges concurring. In the opinions delivered by Denio, C. J., and Marvin, J., those learned judges hold that the allowance of a warrant of attachment is such a judicial determination of the indebtedness of the plaintiff's vendor to the plaintiff in the attachment, as to be conclusive of the sheriff's right to attack the sale as fraudulent, when sued by the vendee. There are also *dicta* in these opinions tending to sustain the respondent's argument ; but the case itself is not an authority for the position that the attachment proceedings are conclusive evidence, or evidence at all, in favor of the sheriff upon the issue of the vendor's indebtedness, as determining the fraudulent character of the sale. On the contrary, the chief justice expressly states, (*p.* 602,) that while the plaintiff cannot controvert the process or the sheriff's rights under it, " the question of the indebtedness of his vendor will necessarily arise, as fraud cannot be predicated of a conveyance made by a party who is free from debt ; and in this way the existence of the debt, upon which the attachment may be granted, will generally be brought in question." And see *Rinchey vs. Stryker,* 28 *N. Y.* 52, *per Balcom, J.*

It is to be observed that the New York Code, section 227–229, requires that in order to the issuing of a warrant of attach-

Braley v. Byrnes.

ment, certain facts,(and among them the existence of a cause of action against the defendant,) must be made to appear by affidavit to the judge to whom the application for the allowance of the warrant is made.    Under a similar statute, (*Pub. Stat, p.* 550, *sec.* 144,) it was held by this court that the allowance of a warrant of attachment was a judicial act.    *Morrison vs. Lovejoy,* 6 *Minn.* 183, followed 7 *Minn.* 421 ; 8 *Minn.* 477 ; 11 *Minn.* 223.    But under our present statute, (*Gen. Stat. chap.* 66, § 130, as amended by *Laws* 1867, *chap.* 66,) the writ of attachment " shall be allowed whenever the plaintiff  *  *  * shall make affidavit that a cause of action exists, &c." The judge or court commissioner is not called upon to determine judicially that the facts stated in the affidavit exist, or that they are sufficient to constitute a debt or other cause of action in favor of the plaintiff and against the defendant.    The reasoning of the judges in Hall vs. Stryker is wholly based on the assumption that the allowance of a warrant of attachment is, for certain purposes, equivalent to a judgment establishing the existence of the debt on which the warrant issues.    Their reasoning can have no application where, as in this state, the allowance of a writ of attachment involves no judicial determination whatever in favor of the claim of the attaching plaintiff.

The respondent having wholly failed to prove the alleged debt on which the attachment issued, the verdict should be set aside for want of evidence to support it.

As the necessary proof may be supplied at a second trial of the case, it is proper to consider here the exception to the refusal of the judge to charge the jury as requested by the appellant.    Assuming Root's indebtedness to Greene to be satisfactorily proved, then if the Hildreth mortgage was merely colorable and was fraudulent against creditors, and if the two mortgages formed but one transaction and were parts of a scheme to defraud Root's creditors, (and such seems to have

been the conclusion of the jury at the trial,) there can be no doubt but that the appellant's mortgage would be fraudulent, notwithstanding it was, as between the parties, a valid security for money lent. A sale or mortgage, although upon a valuable and sufficient consideration, may be not only constructively but actually fraudulent as against the creditors of the vendor or mortgagor. *Twyne's case*, 3 *Rep.* 80, *and notes in* 1 *Smith, Lead. Cas.*

The intent of the parties to the appellant's mortgage is properly a question for the jury upon all the evidence. If the necessary proof of indebtedness were supplied, then the instruction asked would be properly refused as containing an incorrect statement of the law.

Order reversed.