### Pierse *vs.* Smith.

The proof required to issue a Writ of Attachment must be legal proof, or such species of evidence as would be received in the ordinary course of judicial proceedings.

Hearsay and belief are not the "circumstances" required by law, to authorize the issuing of a Writ of Attachment.

This being an extraordinary remedy, should not be resorted to, except in cases clearly within the provisions of the Statute.

This was an action of assumpsit commenced in the District Court of Ramsey County, for the recovery of the sum of two hundred and sixty-two dollars and a half. A writ of Attachment was issued in the suit, based on the following affidavit:

*Territory of Minnesota,* } *ss.*
   Ramsey County.

Allan Pierse being duly sworn, says: that Charles K. Smith (now in said County) is indebted to him on account, for work and labor performed for him, the said Smith, at his instance and request, as per bill of particulars annexed, in the sum of two hundred and sixty-two dollars and fifty cents, (subject to a credit of twenty dollars, amount of two bills, for ten dollars each, if he yet has them, which affiant gave said Smith)—that

the demand is one sounding in contract.    And further, that he verily believes the said Smith is about to depart from this Territory with intent to abscond.    The circumstances upon which the belief is founded, are these:

It is known here to the said Smith, as well as others, that petitions have recently been sent to the President of the United States praying that he be removed from the office of Secretary of this Territory; and there can be no doubt, from the gravity of the charges against him, and the authenticity of the testimonials substantiating them, which have accompanied these petitions, that the President will remove him.    There are numerous creditors of the Government in and about St. Paul, having claims which should be paid out of the money appropriated at the session of Congress before the last, to pay the expenses of the Legislative Assembly of the Territory of Minnesota for the session of said Assembly which has recently terminated.    Some twenty-four thousand dollars were appropriated, and, from the amount the said Smith is known to have received last fall, and the amount of drafts he is said to have exhibited lately, he must have received the whole appropriation.

After the adjournment of the session he was dilatory in paying the expenses of it, giving various frivolous excuses for not doing so, the principal of which was, that he had no cash, but had Government drafts.    After a while, he went down to Galena, to get these drafts cashed, as he avowed.    After his return he suspended payments, declaring to some creditors that he wanted ten, to others fifteen days, to ascertain *how his accounts stood at Washington*, before he paid out any more money; and he is at this moment withholding from the creditors their money.    These things affiant has been told by Government creditors who have demanded payment of him, and he believes them to be true—and this, too, when he must have, and affiant verily believes he has—ten or twelve thousand dollars of Government money in his possession, appropriated and sent to him for the express purpose of paying these very creditors who he is thus trifling with, and depriving of their just dues.    Affiant cannot believe that an individual who feels any responsibility to the community, or who intends to remain in it, would thus act; and he believes that the motion of ten or fifteen days was

a mere pretence to get a respite to make preparations to abscond, as soon as he hears of his removal from office, and carry off the money in his possession and not pay the Government creditors. These ten or fifteen days are now about expiring, and information of his removal is expected soon.

Affiant prays that a writ of Attachment issue, and that the said Smith's property be attached according to law.

A. PIERSE.

Sworn and subscribed before me, this 6th May, 1851.

   A. GOODRICH, C. J.

A motion was made, on the part of the defendant, at the Fall Term of the Court, 1851, to quash the writ of Attachment granted on the above, chiefly on the ground of the insufficiency of the affidavit. After argument, the motion was granted, and the writ set aside. From this order, the plaintiff sued out a writ of Error to this Court.

A. PIERSE, in person, for Plaintiff.

RICE, HOLLINSHEAD & BECKER, for Defendant.

FULLER, C. J. The laws of Wisconsin, under which this suit was commenced, after specifying the cases in which a suit may be commenced by Attachment (see *Laws of Minnesota*, 1849, *p.* 155, *Sec.* 3) provided, that "the facts necessary to entitle a party to a writ of Attachment should be proven to the satisfaction of a District Judge, or Supreme Court Commissioner, by the affidavit of the plaintiff or some credible witness, stating therein the circumstances upon which the belief of such facts was founded."

Proof, in the sense in which it is used in this act, means legal evidence, or such species of evidence as would be received in the ordinary course of judicial proceeding. 9 *J. R.* 75. It is not sufficient for the affidavit to detail mere hearsay or belief. These are not "circumstances" within the meaning of the law, which are competent proof of the facts necessary to entitle the party to the writ. The circumstances upon which the belief of the plaintiff, or a "credible witness," are founded, must be

Pierse *v.* Smith.

proved otherwise than by swearing to information derived from others. *Tallman vs. Bigelow*, 10 *Wend*, 420. *Smith vs. Luce*, 14 *Wend*. 237.

The application for an Attachment is not addressed to the whim or caprice of a Judge. In granting or refusing it, he acts judiciously, and is bound to exercise a sound discretion. He must have evidence before him upon which to exercise it. He has no right to be satisfied, unless circumstances are sworn to in the affidavit sufficient to prove the requisite facts, so as to satisfy a reasonable man in the exercise of a sound judgment, of their truth. *Loder vs. Phelps*, 13 *Wend*. 46. For the law on this subject, see 5 *Taunt*. 520. 1 *Tynch*, 287. 1 *Cromp. and Jew*. 401. 1 *Marsh*, 267. 6 *Taunt*. 460; 4 *ib*. 156. 1 *Com. R*. 40. 2 *Wils*. 385.

The proceeding by Attachment is an extraordinary remedy, highly beneficial when properly guarded, but not to be resorted to except in cases clearly within the provisions of the law. It is summary in its nature, granted in the first instance *ex parte*, and liable to abuse. Its effect may be disastrous to the defendant. It should not therefore be resorted to without good cause. It is proper that he should be protected against its improper use, and, to that end, the facts necessary to entitle a a party to a writ of Attachment are required to be proved to the satisfaction of the Judge before it issues.

Tested by these principles, the affidavit on which the Attachment was granted in this case, will be found defective. The writ was applied for on the ground that Smith, the defendant was about to abscond. The circumstances sworn to, to prove this, are; that petitions had been sent to the President for his removal from the office of Secretary of the Territory, which was known to Smith; the inference of the plaintiff from the gravity of the charges against him, and the authenticity of the testimonials, that the removal would be made; that there were at the time numerous creditors of the Government in and about St. Paul, having claims which should be paid out of the moneys appropriated by Congress for legislative expenses; that twenty-four thousand dollars were appropriated, and from the amount Smith was known to have received the fall before, and the amount of drafts he was said to have received lately, he must have

received the whole appropriation; that the plaintiff was told by Government creditors who had demanded money of him, that he was dilatory in paying the expenses of the Legislature, making various frivolous excuses, the principal of which was that he had no cash, but had Government drafts; and that after awhile he went to Galena to get them cashed, as he avowed, and after his return suspended payment, declaring to some creditors that he wanted ten, to others fifteen days, to ascertain how his accounts stood at Washington, before he paid out any more money, when he was withholding from the creditors their money. The rest of the affidavit is made up of the reasonings, inferences and belief of the plaintiff.

What was told him, must be disregarded, and also his inference as to the amount of the appropriation which had been received. Leaving out that, there is nothing left but the circumstance that an effort was being made to remove Smith from office on grave charges, well authenticated, and that there were creditors of the Government who ought to be paid out of the appropriation. To infer from these that the defendant was about to abscond, was to draw a conclusion not warranted by the premises. And if the whole affidavit were admissible as legal proof, such a deduction from it would still be far-fetched, and quite unsatisfactory to any discreet judge. On the argument, the plaintiff laid some stress upon the fact that Smith had since left the Territory. We cannot look beyond the affidavit, and take judicial notice of a fact not proved, nor could the court below.

There is no error in the District Court of Ramsey County, dismissing the suit for the insufficiency of the affidavit on which the Attachment was granted, and it is therefore affirmed with costs.