JOHN S. PRINCE, Garnishee of NICHOLAS HENDY, Appellant, against EDWARD HEENAN, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

An order, granting leave to file a supplemental complaint under the 12th section of the Act of 1860, relating to garnishee proceedings, and denying a motion to set aside the proceedings, on the ground that the affidavit upon which the garnishee summons issued did not state in what capacity the garnishee is sought to be charged, is not an appealable order.

The affidavit required as the basis of a garnishee summons, under *sec. 2, chap 70, p. 245, of Session Laws of* 1860, should set forth not only that the affiant "believes," but that he "has good reason to believe," either that the party is indebted, or has money, &c., in his hands. The facts on which this belief is predicated are not required to be set forth in the affidavit; but his knowledge must be sufficiently definite and certain to enable him to charge the garnishee in one capacity or the other, or in both, if the case warrants it. The garnishee may be questioned, both as to indebtedness and as to money, &c., in his hands, although the affidavit may only state one ground as the basis for issuing the summons. The making and filing of the proper affidavit is necessary to give the Court jurisdiction to proceed in the case. But if an insufficient affidavit be filed, and the garnishee appears and answers without objection, he cannot afterwards raise the objection, as consent will give jurisdiction to the person, though it cannot confer it as to the subject matter where the law has not given it.

Where a referee was appointed to take the "disclosure and examination" of the garnishee, and not to try any issue of law or fact, an objection to the sufficiency of the affidavit made upon the coming in of the report, was in time, although not made before the Referee upon the disclosure.

Points and Authorities of Appellant.

*First.*—The affidavit upon which the garnishee summons issued should state the ground specifically upon which the garnishee is sought to be charged—whether as debtor or as the possessor of property, money or effects. It is insufficient if it seeks to charge the garnishee in the alternative. *Drake on Attachments, sec.* 108, *page* 108.

*Second.*—It was incompetent and error in the Court to receive testimony or evidence " *aliunde*" the disclosure upon the hearing of the motions for leave to file a supplemental complaint against the appellant. *Sec.* 12, *Garnishee Act of* 1860.

*Third.*—It is incompetent, under the Garnishee Act, to proceed further in the examination of the garnishee, 'after he testifies that at the date of the service of the summons upon him, he was not indebted to the defendants, and had no money, &c., belonging to them. Such examination would be a cross-examination by plaintiffs of their own witness. *Sec.* 12, *Garnishee Act,* 1860.

*Fourth.*—This is a proceeding in equity, seeking to set aside an assignment, and to charge the Appellant with property, &c., upon the ground that the assignment was void as to the Respondents, creditors of Defendants, Hendy & Clark, before any indebtedness had been proven against Hendy & Clark. It is incompetent to charge the Appellant until the debt of Hendy & Clark to Respondent has been proved and established in Court. 29 *Barb.*, 105.

VAN ETTEN & OFFICER and J. B. BRISBIN, Counsel for Appellant.

SMITH & GILMAN, with M. E. AMES, Counsel for Respondent.

*By the Court*—ATWATER, J. An action was commenced in the District Court of Ramsey County, by the Respondent, against Nicholas Hendy, and a garnishee summons founded upon the usual affidavit, issued against John S. Prince, requiring him to appear and disclose as to his indebtedness, &c. to Defendant Hendy. The garnishee appeared in obedience to the summons, and the cause was referred to James Gilfillan, Esq., to take the disclosure and examination on oath of the garnishee, and report the same to the Court. At the hearing before the referee, a motion was made on the part of the garnishee, to dismiss the proceedings and discharge the garnishee, upon the ground that it does not appear from the garnishee summons in what capacity the garnishee is sought to be interrogated or charged, whether as a debtor of the Defendant or as having property, money or effects in his hands or under his control belonging to the Defendant. The motion was overruled, and the disclosure of the garnishee taken and reported to the Court. Upon the coming in of the report the Plaintiff moved for leave to file a supplemental complaint under the *12th section of the act of* 1860, relating to garnishee proceedings. The Defendants also moved to dismiss the proceedings on the ground that the affidavit upon which the garnishee summons issued does not state in what capacity the garhishee is sought to be charged, whether as debtor, or as the possessor of money, property or effects. The motion of the Defendants was overruled, and that of the

Plaintiff granted, from which decision the Defendants appeal to this Court.

The appeal must be dismissed, as the order made is not one from which an appeal is authorized. The cases in which an appeal is allowed to this Court are enumerated under *sec.* 11, *chap.* 71, *p.* 621, *Comp. Stat.* In the view of the Court none of the provisions of that section are applicable to an order of this kind. It is not, indeed, claimed that such is the case, as this point was not raised by counsel, the case having been argued on other grounds. But we do not think it proper to entertain the case, passing this point over in silence, as parties might be thereby misled, in supposing the Court held the order appealable.

As counsel however have discussed the question of the sufficiency or correctness of the affidavit upon which the garnishee summons was issued, and desire the ruling of the Court thereon, and as it is important that the practice in this regard be correctly settled, we have given the question a careful consideration, and are of opinion that an affidavit in this form cannot be sustained as the basis of the garnishee summons. *Sec.* 1, *ch.* 70, *p.* 245, *Sess. Laws of* 1860, provides that "if the Plaintiff, his agent or attorney, shall, at the time of the filing of the complaint or of the issuing of the summons, or at any time during the pending of the action, or after judgment therein against the Defendant, make and file with the Clerk of the Court, or if the case be in a justice's court, with the justice of the peace, an affidavit, stating that he has good reason to believe, and does believe, that any person (naming him) has property, money or effects in his hands or under his control belonging to the Defendant in such action, or that such person is indebted to such Defendant, and that the value," &c., the balance of the section not being material to the point under consideration. From the above it will be seen that the person to be charged as garnishee must be either "indebted" to the Defendant in the original action or must have "property, money or effects in his hands or under his control belonging to the Defendant in such action." It is obvious that these two grounds are distinct from each other, and involve different relations between the Defendant and

43

garnishee, though the latter may sustain both relations at the same time.   And in order to entitle the Plaintiff to examine a party as garnishee, he or his agent must make an affidavit, stating not only that he believes, but that he " has good reason to believe," either that the party is indebted or has money, &c. in his hands.   The facts on which this belief is predicated are not required to be set forth in the affidavit, but they must of course exist if the affidavit is true.

The language of the affidavit in this case is, that " deponent says that he has good reason to believe and does believe that John S. Prince has property, money or effects in his hands or under his control belonging to the said Nicholas Hendy, or is indebted to him."   Now it is impossible to tell, from this language, whether the Plaintiff proposed to charge Prince as debtor of Hendy or as holder of his property.   And the probability is he did not himself know which relation he sustained to Hendy.   It may be answered that it makes no difference which, for that if he sustained ,either he should be charged as garnishee.   But the objection is, that if the deponent has not sufficient knowledge to state in what capacity he seeks to hold the garnishee, then he has not the " good reason" required by Statute for making this affidavit. This language, when analyzed, amounts to nothing more than this, to wit, deponent believes that Prince is indebted to Hendy, or, if he does not believe that, then he believes that Prince has property, &c., in his hands belonging to Hendy. The party, it is true, may not be able to determine what relation the party sought to be charged as garnishee holds to the Defendant, but in such case he has no right to make the affidavit at all.   It is not consistent with the principles of justice and equity, nor do we think it was the intent of the Statute, that a Plaintiff, having some vague, loose notions, or imperfect information as to the credits or property of the Defendant, by making this *exparte* affidavit, should entitle himself to a process, differing but little in its effects from a writ of attachment.   His knowledge must be sufficiently definite and certain to enable him to charge the garnishee in one capacity or the other, or in both, if the case warrants.

By the 2d *and* 3d *sections* of the act above cited, the

garnishee is required by the summons to " answer touching his indebtedness to the Defendant, and any property, money or effects of the Defendant in his possession or under his control." The garnishee, therefore, when he appears in obedience to the summons, may be questioned in both these respects, although the affidavit may only state one ground as the basis for issuing the summons. The making and filing of the proper affidavit is necessary in order to give the Court jurisdiction to proceed in the cause. But if an insufficient affidavit is filed, and the garnishee appears and answers without objection, he cannot afterwards raise the objection, as consent will give jurisdiction to the person, though it cannot confer it as to subject matter where the law has not granted it. In this case the Defendant objected before the referee to the form of the summons, an objection not well taken, inasmuch as the summons was in proper form. But upon the coming in of the report he objected to the sufficiency of the affidavit, and we think the objection was in time. The referee was appointed simply to take the " disclosure and examination" of the garnishee, and not to try any issue of law or fact, and we do not see how the failing to raise the objection before him, he having no power to decide the question, could or should prejudice the Defendant. The ruling of the Judge upon this point was erroneous, and although the Defendant cannot take advantage of the error upon this appeal, he may do so in the further progress of the cause, if properly presented.

The appeal is dismissed.

*Emmett, Chief Justice, dissents.*