DORILUS MORRISON, CADWALLADER C. WASHBURN, &ᵀᴴELIHU B. WASHBURN, Partners as " D. MORRISON & Co., Appellants, vs. JAMES O. LOVEJOY, Administrator of JOHN L. LOVEJOY, deceased, JAMES A. LOVEJOY and JOHN G. BROCKWAY, Respondents.

#### APPEAL FROM THE DISTRICT COURT OF HENNEPIN COUNTY.

The allowance of a warrant of attachment is a judicial act, and *Section* 142, *page* 550 *of the Compiled Statutes*, so far as it authorizes clerks of the District Courts to allow warrants of attachment, is in conflict with Section 1 of Article 6 of the State Constitution.

An attachment may issue in all actions brought for the recovery of money.

An affidavit for an attachment in the District Court must state facts and circumstances sufficient to satisfy the officer that the case is a proper one, under the Statute, for such remedy.

The appeal in this action is brought from an order granted by his Honor, Thos. Wilson, acting Judge of the District Court, Fourth Judicial District, Hennepin County, denying a motion made by the Defendants in the Court below to vacate and set aside a writ of attachment.

The writ was allowed by the Clerk of the District Court, upon the following affidavit issued therein:

Hennepin County, ss.   Jared S. Demon being duly sworn, deposes and says that he is an attorney for the Plaintiffs in the above entitled action; that a cause of action exists in favor of the Plaintiffs against said Defendants, which is now in suit in said Court; that the amount of Plaintiffs' claim is over one hundred and nine thousand dollars; that the grounds thereof is the breach and non-performance of a certain contract, made and entered into by and between the said Plaintiffs and Defendants in relation to the manufacturing of lumber for the Detendants by said Plaintiffs, at what are called Steele's Mills, in St. Anthony; that the Defendants, Cadwallader C. Washburn and Elihu B. Washburn, are non-residents of this State; that deponent is informed and believes

that said Elihu B. is a resident of the State of Wisconsin, and the said Cadwallader C. is a resident of the State of Illinois; that neither the said Elihu B. or the said Cadwallader C. ever resided in the State of Minnesota; that the said Dorilus Morrison for the purpose and intention of hindering, delaying and defrauding his creditors, as deponent is informed and believes, sometime during the year 1858 or 1859, conveyed by warrantee deed a large number of lots of land in the village of Minneapolis in said county; that deponent is informed and believes that said lots were all the real estate owned by said Defendant Morrison, and that the said conveyance was made to one W. D. Washburn, a brother of the Defendants Washburn, and that Plaintiff will be in danger of losing his said debt unless an attachment issues therein.

Points and authorities of Appellant.

I.—That a warrant of attachment can only be issued by the Clerk of the District Court, upon the written order or allowance of competent authority; and a warrant issued in the absence of such authority, is simply void. *Min. State Constitution,* Art. 6, Sec. 1; 1 *Minn.* 82.

II.—That the Clerks of the several District Courts have no power or authority to grant or allow the issuance of a warrant of attachment; the allowance of such writ being a judicial act, the issuing a ministerial one. 1 *Minn.* 82; 1 *Monell,* 456; *N. Y. Code,* Sec. 228–9; and cases there cited.

III.—That the affidavit made for the purpose of obtaining the allowance of a warrant of attachment must set out the cause of action clearly and fully; and it is not enough that the complaint in the case does so; that will not aid the omission in the affidavit. 1 *Monell Pr.* 457; 14 *Wend.* 237; 21 *Wend.* 672; 4 *Hill,* 598; 3 *Minn.,* 29; 17 *How., Pr. R.,* 556.

IV.—That the affidavit in this case was clearly insufficient to warrant the issuance of the writ. 3 *Minn.,* 29; *Comp. Stat. R.* 550, Sec. 136; 10 *Wend.* 420; 5 *Hill,* 608; 9 *Barb.* 440; 3 *Sandf. Superior C. R.* 703; 12 *Barb.* 298.

V.—That the warrant was not only irregularly, but improvidently issued; in that, among other things, the undertak-

ing was for an insufficient amount.  *Comp. Stat. p.* 551, *Sec.* 137; 1 *Monell Pr.*, 458; 18 *Wend.*, 611.

VI.—That there was no order or allowance directing or authorizing the Clerk to issue the writ, and it is therefore void. The style of the process is not in accordance with the requirements of *Sec.* 14, *Art. VI*, (6,) *of Constitution.*

VII.—That the action being for unliquidated damages, a warrant of attachment will not lie and cannot be sustained. *Comp. Stat.*, 550, *Sec.* 136; 6 *Wend.*, 558.

F. R. E. CORNELL and D. COOPER, Counsel for Appellants.

J. S. & D. M. DEMMON, Counsel for Respondents.

*By the Court*—FLANDRAU, J.—*Section* 142, *page* 550 *of the Compiled Statutes*, so far as it authorizes the clerks of the District Courts to allow warrants of attachment, is in conflict with *Section 1 of Article 6 of the State Constitution.* The allowance of the warrant is a judicial act ; it involves the examination of proofs and a decision thereon, and is final until set aside by the Court. It is not done subject to the approval of the Court, and requires no confirmation to perfect it.

It is sufficient to state in the affidavit that a cause of action exists against the Defendants, the amount of the claim and the grounds thereof. All that is necessary in this respect is, that the action is for the "recovery of money." *Davidson vs. Owen et al.*, 5 *Minn. R.* 69; *Comp Stat.*, *p* 550, *secs.* 142, 144.

The affidavit, so far as the Defendant Morrison was concerned, was entirely insufficient. The only fact or circumstance contained in it as against him is as follows : "That the said Dorilus Morrison for the purpose and intention of hindering, delaying and defrauding his creditors, as deponent is informed and believes, sometime during the year 1858 or 1859, conveyed by warrantee deed a large number of lots of land in the village of Minneapolis, in said county; that deponent is informed and believes that said lots were all the real estate owned by said Defendant Morrison, and that the said conveyance was made to one W. D. Washburn a brother of the Defendants Washburn." The motive of the

conveyance is stated merely upon the information and belief of the deponent, and no fact or circumstance is alleged from which such improper motive could be inferred. It is not made to appear that the cause of action upon which the suit is brought had accrued at the time the lots were conveyed, or that Morrison had a single creditor at the time. We have frequently held that proof of this character will not authorize the allowance of an attachment. *Pierse vs. Smith*, 1 *Minn. R.*, 82; *Id.*, 222–3; *Curtis vs. Moore*, 3 *M. R.*, 29.

The order refusing to quash the attachment is reversed, and the warrant quashed.