DANIEL B. HINKLEY and THOMAS EGERY, partners, &c., Respondents, vs. THE ST. ANTHONY FALLS WATER POWER COMPANY, Appellants, and D. MORRISON & Co., Garnishees.

### APPEAL FROM THE DISTRICT COURT OF HENNEPIN COUNTY.

After final judgment obtained in an action the Plaintiff may employ a different attorney to commence garnishee proceedings to collect the same without a formal substitution.

A garnishee summons may be issued by the Plaintiff's attorney upon filing the affidavit required by statute, without any allowance of the same by a judicial officer.

A garnishee summons is process within the meaning of *sec.* 14, *of art.* 6, *of the State Constitution*, and should run in the name of the State, but where this is omitted a personal appearance on the part of the garnishee and a disclosure by him, without objection, will waive the defect.    The Defendant in the principal action cannot raise the objection.    The garnishee may also waive his fees if he sees fit to do so.

Where the garnishee is a firm composed of several members doing business under a firm name, service of the summons upon one member is sufficient to predicate a judgment upon, against the firm, so as to bind the joint property.

Where the Defendant in the principal action fails to appear at the time

appointed for the examination of the garnishee, the court cannot proceed with such examination until the Plaintiff makes proof of the service of the notice required by statute upon the Defendant. The making of this proof is jurisdictional, and a total failure in this point will render the subsequent proceedings void. Where, however, an affidavit is filed which has a legal tendency to make out the service, but is slightly incomplete and imperfect, it may be amended by filing a new affidavit *nunc pro tunc* where the *fact* of such service clearly exists, and such amendment is in furtherance of substantial justice. Where the Defendant was a corporation, and the affidavit stated that the service "was upon A. B., the agent and attorney in fact of the Defendant, and that said A. B. then and there received the same," when the statute required it to be upon the "managing agent" of the Defendant—*Held*, amendable.

Points and authorities for Appellant.

I. The garnishee summons is process within the meaning of *sec.* 14, *of art.* 6, *of the Constitution;* 5 *Gilm.,* (*Ill. R.*) 100 ; *sec.* 3, *ch.* 70, *Laws of* 1860 ; *sec.* 5, *ch.* 84, *Comp. Sts.;* 5 *Minn.,* 347 ; 2 *Comyn's Dig.,* brief *A; 2 Inst.,* 40.

II. The existence of certain facts and their proofs by affidavit are necessary to confer jurisdiction to issue the summons. *Sec.* 1, *art.* 5, *Const. of Minn.; Morrison vs. Lovejoy,* 6 *Minn.,* 183.

III. The garnishee summons is in effect the process of the court, and in contemplation of law issues out of the court, and should be tested in the name of a judge, and signed and sealed by the clerk. *Secs.* 12, 13, *ch.* 57, *Comp. Sts.*

IV. The garnishee summons in the case at bar was not signed nor issued by the Plaintiff nor his attorney in the action. *Sec.* 79, *ch.* 61, *Comp. Sts.; sec.* 34, *ch.* 72, *Id.;* 1 *Hill,* 656 ; 3 *Id.,* 552 ; 7 *Cow.,* 739 ; 22 *Wend.,* 566 ; 1 *Monell's Pr.,* title att'y., 172 *et seq.;* 13 *Mass.,* 363 ; 13 *Id.,* 319 ; 20 *Pick.,* 59 ; 16 *Mass.,* 74 ; *Bacon's Abt. Title,* att'y D.; 1 *East.,* 64 ; 4 *Wend.,* 204 ; 20 *Id.,* 241 ; 23 *Barb.,* 592 ; 13 *How. Pr. R.,* 43.

V. The garnishee summons in the case at bar fails to comply in form or substance with the requirements of *sec,* 3, *of the garnishee act.*

VI. No service of the summons upon the garnishees is shown.

4 *Minn. R.*, 163; 2 *Hill*, 360; 5 *How. Pr. R.*, 341; *sec.* 3, *ch.* 70, *Laws of* 1860.

VII. There is no proof that the garnishee's fees were ever paid or tendered; that they were not is implied in the waiver of payment. *Beaulieu vs. Parsons*, 2 *Minn.*, 37; *Macubin vs. Clarkson*, 5 *Id.*, 247.

VIII. There was no proof of service of a copy of the summons and notice required by law upon the Defendant. 7 *Hill*, 177; 3 *Coms.*, 41; 13 *How. Pr. R.*, 43; *Jackson Ex. Dem. Bleeker vs. Wiseburn*, 5 *Wend.*, 136; *Seymour vs. Judd*, 2 *Coms.*, 466; 6 *How.* (*U. S.*) 113; 7 *Paige*, 247; 9 *Id.*, 574; *Hallett vs. Righters, above cited; Kendall vs. Washburn*, 14 *How. Pr. R.*, 380.


Points and authorities for Respondent.

I. The term "process" as used in *sec.* 14, *art.* 6, *of the Constitution*, does not include a garnishee summons. This is the only point decided below. 1 *Hill*, 170; 11 *Ill. Rep.*, 420, 443; 12 *Wis. R.*, 528, *and cases there cited;* 3 *Penn. R.*, 99.

II. The garnishee summons was properly issued. The affidavit upon which it was founded gave jurisdiction of the subject matter. No order of allowance was necessary. *Laws of* 1860, *ch.* 70.

III. The authority of an attorney under his general warrant expires with the rendition of judgment. This is the general rule. For all acts subsequent thereto his powers are specially conferred by statute. No substitution of attorneys was necessary in this case. 1 *Hill*, 659; *Pub. Sts.*, secs. 10 *to* 15 *inclusive, p.* 667.

IV. The omission in the garnishee summons to require the garnishees to answer touching anything save indebtedness (upon which alone the affidavit was based) is not a jurisdictional defect, nor fatal. At most it was but a mere irregularity, amendable even in this court, and hence must be disregarded. *Pub. Sts., ch.* 60, *sec.* 90, *p.* 544; 4 *J. R.*, 499; 2 *Cow. R.*, 110, 408; 1 *Id.*, 189; 17 *J. R.*, 63; 19 *Wend.*, 99; 18 *Id.*, 675; 15 *Id.*, 301.

V. The service upon the garnishees was sufficient. They

appeared. None but they can object to the non-payment of fees or irregularity in proof of service.

VI. The alleged defect in the proof of service upon the Defendants, in that, being served upon their agent, the affidavit did not state that he was their general managing agent, is not a jurisdictional defect. It was cured by proof of that fact, properly allowed by the court, to be made and filed *nunc pro tunc.* *Pub. Sts, ch.* 60, *sec.* 90, *p.* 544.

MINER & HEMIUP, Counsel for Appellants.

F. R. E. & W. B. CORNELL, Counsel for Respondents and Garnishees.

*By the Court*—FLANDRAU, J.—Judgment was obtained against the St. Anthony Falls Water Power Company by Hinkley and Egery, on the 3d day of October, 1861, in the District Court of Hennepin County. In this action W. D. Washburn appeared as the attorney for the Plaintiffs. On the 22d day of October, 1862, more than a year after the entry of this judgment, garnishee proceedings were commenced against D. Morrison & Co., by the Plaintiffs. In these proceedings Messrs. F. R. E. & W. B. Cornell appeared as the attorneys for the Plaintiffs. The first objection made by the Appellant is, that this appearance was irregular without a substitution of Messrs. Cornell in the place of Mr. Washburn.

This point is not well taken. The general power of an attorney ceases with the entry of judgment for his client. It was continued by the common law for special purposes for a year and a day after judgment, and authority in the attorney is by statute prolonged for certain periods after judgment for specified purposes, and for those purposes only can he bind his client. 3 *John*, 361; 5 *Cow.*, 446; 3 *Barb.*, 584. By *sec.* 10, *of ch.* 82, *Comp. Sts.*, on the subject of the "authority of an attorney and its duration," the general common law powers of an attorney are conferred in

subdivision one, during the pendency of the action and before judgment. By subdivision two certain powers are conferred on him after judgment, but this subdivision expressly declares that what has been said in the preceding part of the section, " does not prevent a party employing a new attorney to issue an execution upon a judgment, or take any other proceedings prescribed by the statute for its enforcement, and when he does so the authority of the former attorney ceases."

The next subdivision of the chapter is entitled " change of attorney." Under this head it is provided, in *section* 13, that " the attorney in an action or special proceeding may be changed at any time before judgment or final determination, as follows." Then follows the mode of making a change, and giving notice to the adverse party, and until this is complied with the former attorney is to be recognized.

It will be seen that all this has reference to a period prior to the entry of judgment—leaving the party at liberty to employ another attorney after judgment in any proceeding to collect the same. If a new attorney appears, and any doubt is entertained about his authority from the party, *secs.* 11, 12, *of ch.* 82, above cited, afford a ready means of deciding that point. There was no objection to the appearance of the Messrs. Cornell. · The counsel cites *sec.* 79, *of ch.* 61, *p.* 567, as to the manner of satisfying a judgment of record, as proving that an attorney has authority for two years after judgment. What we have said above as to the special powers conferred by statute on attorneys after judgment applies to this section. It is not necessary here to speak of the apparent conflict between this last cited section and subdivision two of *sec.* 10, *of ch.* 82, before referred to, on the time within which an attorney may enter satisfaction of a judgment of record. It does not affect this case.

The affidavit upon which the garnishee summons was issued, is not contained in the paper books furnished to the court, so we will not consider any question upon its sufficiency or insufficiency. As the garnishee act gives the form of it in *section one*, it is difficult to see how any one could err in drawing it, unless they

should take the course pursued in the case of *Prince v. Hendy*, 5 *Minn. Rep.*, 347.

Had the attorney power to issue the summons, or was it necessary that it should be allowed by a judicial officer? The counsel cites the case of *Morrison v. Lovejoy*, 6 *Minn. Rep.*, 183, where we held the issuing of an attachment to be a judicial act. We think there is a clear distinction between the cases. The statute authorizing the process of attachment provides that whenever certain facts shall appear by affidavit, &c., the warrant may issue. *Comp. Sts., p.* 550, *sec.* 144. Under this act it has been held that it was not sufficient to draw the affidavit in the words of the statute, but facts and circumstances must be stated from which the officer could find the legal conclusions. 1 *Minn. Rep.*, 82; 3 *Id.*, 29. The finding of facts upon evidence, and awarding process upon such decision, is clearly a judicial act. In the case last cited the distinction was taken between the affidavit required in a justice's court for an attachment and that required in the District Court. In the former the words of the statute may he followed, and in the latter the facts and circumstances must be set out. All that is required by the garnishee act is, simply to file an affidavit, stating that the deponent " has good reason to believe. and does believe" that the garnishee has property, &c., or is indebted, &c. That done, and the summons issues, of course. There is nothing to find except that the affidavit is filed in accordance with the statute. The affidavit is a condition precedent to the issuance of the summons, and the attorney acts at his own risk. If he does not file the affidavit required, his proceedings will be without jurisdiction. *Prince v. Hendy*, 5 *Minn. Rep.*, 347. But we do not think the exercise of any judicial function is called into action in the proceeding. No allowance of the summons is therefore necessary.

Was the form of the summons in compliance with the constitution and laws? By *art. 6, sec.* 14, *of the State Constitution*, " the style of all process shall be, *The State of Minnesota.*" The word process, as used here, we think, means all such writs, whether original, mesne or final, by which the authority of the

State is exerted in obtaining jurisdiction over the person or property of the citizen, and which require the exercise of the sovereign power for their enforcement. A garnishee summons falls within this definition, and should run in the name of the State. The garnishee, previous to the service of this process upon him, is a stranger to the whole case, and it is only by such service that the sovereign power of the State can reach his person or property.

The next question is, has this defect been waived by the appearance of the garnishee without objection? Was there no question about the service of the notice required by the statute upon the Defendant in the original action, we would have no hesitation in saying that it had. It must be remembered that the court already possessed jurisdiction over the person of the Defendant by reason of the judgment in the principal suit, and of his leviable property to the amount of such judgment, without any further notice to him. Under the former garnishee act (*Comp. Sts.*, *ch.* 80,) the whole proceeding was carried on without any notice being given to the principal Defendant. The new act (*Laws of* 1860, *ch.* 70,) provides that a copy of the summons, together with a notice to the Defendant, stating the time, place and manner of service thereof, upon the garnishee, and signed, &c., and requiring such Defendant to appear and take part in the examination, shall be served upon the Defendant at least ten days before the day of examination, &c. By *section* 10 the court is not allowed to proceed with the examination of the garnishee in the absence of the Defendant, until the Plaintiff makes proof of service of the summons and notice upon the Defendant. There is always good reason why the Defendant in such cases should have notice of the proceedings that are to affect his property; but we can see no reason why he has any interest in the nature of the proceeding, by which jurisdiction is obtained over the garnishee. What possible difference can it make to him whether the garnishee waives the fees he is entitled to or not, except that if he does waive them it is so much saved to the Defendant, for he has to pay them in the end. The only interest we can see that

the Defendant has in the proceeding is, to have an opportunity of participating in the examination, and thereby protecting his rights. In this view of the case we think the garnishee could waive any irregularity in the summons. This conclusion renders it unnecessary to consider the other objection that is urged against the form of the summons.

The garnishees were the firm of D. Morrison & Co. The summons was served upon D. Morrison alone, who admitted service and waived fees on the back of the summons in the name of D. Morrison & Co. On the return day of the summons it does not distinctly appear whether the garnishees appeared or not, but as the examination was postponed on account of the Defendants not having been yet notified, we are to presume that they did, which would be sufficient evidence of the service of the summons or a waiver by them of formalities. The counsel for the Defendant objects that Morrison had no authority to accept service for the firm of D. Morrison & Co. The service of a garnishee summons is, in effect, the commencement of a suit, and by *sec.* 38, *of ch.* 60, *of the Comp. Sts.*, suits may be commenced against partners by the firm name, and a service upon one will bind the joint property of the firm. If any question arises as to what can be made upon the garnishee judgment against D. Morrison & Co. it will be time enough then to decide it—the service was sufficient to predicate a judgment upon. When the adjourned day arrived Morrison appeared, and disclosed without objection.

The next question is, whether the proof of service of notice upon the Defendants was sufficient to authorize the court to proceed with the examination of the garnishee in their absence. There is no pretence that any service was made upon the Defendant, Franklin Steele. The affidavit had reference to service upon the St. Anthony Falls Water Power Company alone. Service of a summons upon a corporation may be made by delivering a copy thereof to the president or other head of the corporation, secretary or managing agent thereof. *Comp. Sts.*, 538, *sec.* 53. It cannot be pretended that any service which would be sufficient for the commencement of an action, would not suffice in the case of such

a notice as we are considering. It might, therefore, be served upon the managing agent of the Defendant. The affidavit stated that it was served "upon Richard Chute, the agent and attorney in fact of the Defendant, St. Anthony Falls Water Power Company, therein named, by then and there handing the same to and leaving the same with him, and that said Chute then and there received the same." It will not do to say that here is an entire absence of proof of service upon the Defendant, the Water Power Company. It should be more properly termed defective proof of that fact. It certainly has a legal tendency to make out the service, yet is to some extent incomplete. The proper proof would have been, that he served it upon the Defendant, the St. Anthony Falls Water Power Company, by handing it to and leaving it with Richard Chute, who was then and there the · managing agent of said Defendant. Let us see to what extent this affidavit fails. As we have seen, the service may be made by delivering copies of the papers to the managing agent. He swears that he delivered them to Richard Chute, the agent and attorney in fact of the Defendant. There is some difference in considering whether words are merely *descriptio personæ*, in the manner in which they are used, whether by the person speaking or spoken of. I, Richard Chute, agent, &c., is clearly *descriptio personæ* merely, when used in an affidavit, for there is no oath as to the agency. But when the deponent says he served a paper on Richard Chute *the agent* of the Defendant, he approaches so near swearing that he is the agent of the Defendant, that it is difficult to see the point of failure. Had he said, "then and there the agent," it would have been no stronger, because the affidavit refers to the time and place of service; but he does not swear that he was the managing agent, and that is required by the statute. This is the principal defect in the proof. Now, under our statute of amendments, we think such a defect, even when occurring in an affidavit which is jurisdictional, can be remedied. *Comp. Sts.*, 544. It grants to the courts the most ample powers, and *section* 94, among other things, allows them to "supply an omission in any proceeding." An entire failure of any link in a

chain of facts necessary to confer jurisdiction, cannot be supplied; but a slight defect, like the one under consideration, when tending to substantial justice, may always be. The court did right to allow the amendment, especially after delay of four months in moving against the judgment.

The disclosure of the garnishee shows that the debt due was for rent of mills. He says it was due from the firm of D. Morrison & Co., at the time of the service of the summons, to wit, October 21, 1862.

The objection that it does not appear to which Defendant the garnishees were indebted, may be answered, that the proceeding was between the garnishees and the Water Power Company—the Defendant Steele not being served, the former was therefore the Defendant spoken of by the garnishee; and we may also add, that this motion is a confession of the fact by that Defendant, for all purposes of the motion.

The order must be affirmed.