HENRY HINDS, Respondent, vs. HENRY FAGEBANK, Appellant.

APPEAL FROM THE DISTRICT COURT OF SCOTT COUNTY.

An affidavit for an attachment stated that the Defendant conveyed forty acres of land, (worth $350,) without consideration, with intent to defraud his creditors. It was not shown that the Defendant at the time was insolvent, nor that he had not sufficient means to pay his debts, nor were any other facts stated showing a fraudulent intent.—*Held*, that the statements of the affidavit were insufficient to authorize the issuance of the writ.

And the same *Held*, with regard to the further statement in the affidavit, that the Defendant "has no property not exempt from execution, except about one hundred and fifty bushels of grain, and that Defendant is about to dispose of said grain, and has, by sale thereof, so as to defraud his creditors, particularly this deponent, made a fraudulent sale thereof, with intent to defraud this deponent of his said debt."

Points and authorities of Appellant.

I. No fraudulent intent is shown by the affidavit except by the wholesale conclusion sworn to, which could not by any possibility be within the personal knowledge of the affiant. These cannot be taken as evidence. *Bowen & McConnell vs. Hanks*, 1st Western Law Monthly, 113–14.

BROWN & BAXTER, Counsel for Appellant.

HENRY HINDS, Counsel for Respondent.

*By the Court*—ATWATER, J.—This was an appeal from an order denying a motion to vacate an attachment issued by L. M. Brown, Court Commissioner. · The action was brought upon a promissory note executed by Defendant. The material facts stated by Plaintiff in his affidavit for attachment, after stating the making and execution of the note by Defendant, the transfer of the same to Plaintiff, on or about the 20th day of May, 1863, and that he was the owner of the same, are as follows, viz:

"That at the time the said promissory note was sold and transferred to deponent, and on the 23d day of May, 1863, the said Henry Fagebank, was the owner in fee simple, free of incumbrance, of the southwest quarter, &c. (describing the land) concontaining 120 acres; on the day last aforesaid the said Henry Fagebank, with intent to defraud his creditors, particularly this deponent, conveyed by deed, duly witnessed and acknowledged, the said, &c., (describing forty acres) to one Sophia Lahrman, a natural daughter of said Henry Fagebank, without any consideration whatever, and upon the nominal consideration of one dollar expressed in said deed of conveyance, but in fact without any consideration being paid by said Sophia or received by said Henry Fagebank.

"And deponent further says, that the said premises last aforesaid were, at the time the same were so conveyed, worth the sum of $350. That the other eighty acres of ·said premises, first above mentioned, are occupied by said Fagebank as a homestead. That said Fagebank has no other real estate out of which said deponent's demand or any part thereof could be satisfied.

"And deponent further says, that said Fagebank has no property not exempt from execution, except about 150 bushels of grain, and that said Fagebank is about to dispose of said grain, and has, by sale thereof, so as to defraud his creditors, particularly this deponent, and has in fact made a fraudulent sale thereof, to Frederick Lahrman, with intent to defraud this deponent of his debt."

This affidavit was sworn to September 22, 1863.
    vol. ix.—10

This affidavit was insufficient to authorize the issuance of the writ of attachment. With regard to the conveyance of the forty acres by Fagebank to his natural daughter, on the 23d of May, there is nothing to show that he was at that time insolvent, nor that he had not then ample means to pay this and all other debts. Certainly the court will not presume this was not the case in order to infer fraud, and if he had such means, the transfer, even without consideration, was no evidence of fraud. And the fact that the grantee was his natural daughter would form at least a good consideration, and is entitled to some weight in negativing a fraudulent intent.

Nor is the allegation with regard to the disposition of the personal property sufficient to justify the issuance of the writ. It is objectionable upon two grounds. It is contradictory of itself, and states no facts to sustain the legal conclusion of fraud. It could not be true that "the Defendant was about to dispose of his property," and at the same time that "he had in fact disposed of his property," to defraud his creditors. The statute allows the writ to issue when it shall appear, by affidavit, that the Defendant "has assigned, secreted or disposed, or is about to assign, secrete or dispose of his property, with intent to defraud his creditors," &c. But where, as in this case, the property consists of a single item only, manifestly the affidavit could not be made in the alternative.(that is, in the language of the statute above quoted,) so as to make it "appear" that either fact existed. Both could not be true at the same time, and if the deponent had not sufficient knowledge on the subject to swear to one or the other, it would be pretty conclusive evidence that he was not in possession of sufficient evidence to entitle him to the writ. The case of *Prince vs. Hendy*, 5 *Minn.*, 347, is analogous, upon this point, and the remarks there made with reference to the affidavit requisite to the issuance of a garnishee summons are applicable here.

But there is another objection to the sufficiency of this part of the affidavit, to wit, that no facts are alleged or sworn to from which the fraudulent intent appears. The only fact stated is, that the Defendant is about to dispose of (or has sold) 150 bushels

Hinds v. Fagebank.

of grain, which is all the personal property he has exempt from execution. Certainly such fact alone is no evidence of fraud or a fraudulent intent.

The other allegation, that this has been done with intent to defraud his creditors, is a conclusion of law to be deduced from facts, which must be presented to the court or officer issuing the writ. In *Frost vs. Rider*, 9 *Barb.*, 440, it was held that an affidavit for attachment, stating that the application is made on the ground that the Defendant "has assigned or secreted his property, *with intent to defraud his creditors*, although according to the words of the statute, is insufficient, unless the facts and circumstances stated therein are enough to justify a belief that the Defendant has assigned or secreted his property with intent to defraud his creditors." And in *Decker vs. Bryant*, 7 *Barb.*, 190, it was held that "the affidavit that the debtor had absconded with intent to defraud his creditors," was insufficient. The intent was matter of opinion—a conclusion from facts which should have been stated by the witnesses, in order that the officer could judge as to their sufficiency. And in *Mott vs. Lawrence*, 14 *How.*, 559, it was held that "an affidavit to obtain a warrant of attachment must make out a clear *prima facie* case. The justice must not only be satisfied personally, but judicially, upon legal proof." This doctrine has been uniformly adhered to by this court, whenever the point has been raised. 1 *Minn.*, 82; *Id.*, 222–3; 3 *Id.*, 29; 6 *Id.*, 183.

The affidavit was clearly insufficient to authorize the writ, and the order of the District Court must be reversed.