# CASES

## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF MINNESOTA.

## JULY TERM, 1865.

---

### JOHN DORMAN vs. JOHN P. BAYLEY.

On an appeal from a Justice of the Peace, none of the appeal papers are subject to a stamp duty.

This action was commenced before a Justice of the Peace in Scott County, and judgment rendered in favor of the plaintiff. The defendant appealed to the District Court of that county. When the cause came on to be heard, the plaintiff moved the Court to dismiss the appeal on the ground that there should have been a "U. S. Revenue Stamp of the denomination of 50 cents, attached to some one of the appeal papers; and that as there was no such stamp attached, the appeal was ineffectual and void." The Court held that such stamp was necessary and that it should be attached to the affidavit filed for appeal, and granted the motion. The defendant appeals from the order granting the motion to this Court.

Dorman v. Bayley.

BROWN & PECK for Appellant.

HENRY HINDS for Respondent.

*By the Court*—WILSON, C. J.—This case presents the simple question whether an appeal from a Justice of the Peace under our statute is ineffectual and void if none of the appeal papers is stamped. In schedule B of the Internal Revenue law of 1864, are specified as subject to a stamp duty of fifty cents each, the following instruments or papers: "Writs or other process on appeal from Justices' Courts or other Courts of inferior jurisdiction to a Court of Record." This is the only law now in force requiring a stamp on such papers. The language here used: writs or *other* process, and its application to legal proceedings, show that the word process is used in its legal sense.

Is any one of the appeal papers a writ or other process? If so it must be either the affidavit or recognizance required as a condition precedent to the allowance of the appeal, or else the return of the appeal papers by the Justice—for no other paper is required in taking such appeal. The Court below held that the stamp should be attached to the affidavit. The respondent's counsel seems to think that the return is the process. If either one of these papers is designated "process," it must be for the purpose of making the revenue law applicable to this class of cases, for neither etymological propriety nor usage, authorizes such use of the term. Process is so denominated because it *proceeds* from a Court. *Bouv. Law Dic.* It is a generic term applied in practice to the several writs issued in an action. 3 *Black. Com.*, 279, 292; *Stephen on Pl.*, 21, 22; *Knapp vs. Pults*, 3 *How. P. R.*, 53, *per Harris, J.; Bouv. Law Dic.* A summons by which a suit is commenced in the District Court is designated process, though it does not issue out of the Court, but it serves the purpose and is in the nature of process, and therefore may with propriety be so termed. If any one of these appeal papers is process, then that clause of our State Constitution, which requires that the style of

*all process* shall be "The State of Minnesota," has never been understood.

We think it beyond a doubt that neither the affidavit, recognizance or return is process, or in the nature of process. But even if this was a matter of doubt—the stamp should not be required, for a tax or duty can only be imposed by clear and express words for that purpose. All acts imposing duties are to be construed as not to make any instrument liable to them unless manifestly within the intention of the Legislature. *Tompkins vs. Ashly*, 6 *B. & C.*, 541; *Gun vs. Scudds*, 11 *Exchq. R.*, 190; *Wroughton vs. Tuttle*, 11 *M. & W.*, 566; *Morrefold vs. Diamond*, 4 *B. & C.*, 242; *Warrington vs. Warrington*, 8 *East*, 242. A strict construction of our revenue act is peculiarly incumbent on the Court, because its violation is followed by severe penalties. The rule that penal statutes shall be strictly construed, has its foundation in reason and justice, and is too well settled to admit of doubt or require the citation of authorities to support it.

If the affidavit is the paper required by law to be stamped, then a stamp on the return is insufficient and *vice versa*. The stamping of a wrong paper might be evidence that the party did not intend to defraud the Government, but it would not be a compliance with the law. *See Rex vs. Weeks*, *Strange R.*, 716; *Williams vs. Stoughton*, 2 *Starkie*, 292. It is the instrument that is subject to the stamp duty and not the act of appealing. We think the act properly construed does not require a stamp on any of these papers.

There is we presume a *casus omissus*, but if so it cannot be supplied by judicial interpretation.

The order appealed from is reversed.