JOSHUA HANNA, *et al,*

*v.*

ROSWELL P. RUSSELL, *et al.*

Surplusage and inaccuracy in the description of the Court (in a summons) which cannot mislead or prejudice the adverse party does not make the summons void.

A summons is not process within the meaning of section 14, article 6 of our State Constitution.

This action was commenced in the District Court for Hennepin County, which is and was at the time the action was commenced in the fourth judicial district. The summons, so far as material, was as follows:

"*District Court, 3d District, Hennepin County, Minnesota Territory.*

JOSHUA HANNA   *   *   *   *vs.*   *   *   *   ROSWELL
P. RUSSELL.   *   *   *

*To the above named Defendants :*

You and each of you are hereby summoned," &c.   The

Hanna et al. v. Russell et al.

summons bore date May 18, 1858. Minnesota was admitted as a State May 11, 1858; while it was a Territory, Hennepin County was in the 3d district. Service of the summons was made on the defendant Russell personally; he did not appear, and judgment was entered up against him with other defendants on default August 10th, 1858. The judgment was entitled in the District Court, 4th Judicial District, County of Hennepin, State of Minnesota. At the May term of said Court, 1866, a motion was made on behalf of the defendant Russell, by his attorneys, who appeared specially for that purpose, that he might be relieved from said judgment, and that as to him it might be set aside, upon the ground that the Court had no jurisdiction in the action to render judgment against him; first, because the action was not commenced in any Court having a legal existence at the time the summons was issued; second, because said summons was not styled as required by Sec. 14 of Art. 6 of the Constitution. The Court by its order denied the motion and allowed the summons to be amended *nunc pro tunc*, and from this order the defendant Russell appeals to this Court.

BEEBE & HALL, for Appellants.

This is an appeal from an order denying a motion to relieve the defendant, Roswell P. Russell, from the judgment rendered against him in this action, and the points and authorities relied upon by the appellant are the following :

I—At the time the summons in this action was issued, no such court existed in the State as the District Court, 3d District, Hennepin County, Minnesota Territory ; therefore the action not being brought in any court in the State having a legal existence must render the judgment void.

II—The summons is in the nature of, and serves the purpose

of process, and should therefore be styled The State of Minnesota. *Hinkley et al vs. St. Anthony Falls Water Power Co.*, 9 *Minn.* 55 ; *Dorman vs. Bayley*, 10th *Minn.*, 385 ; *State Constitution*, Art. 6, Sec. 14.

III—The style being a constitutional requirement and the essential element of the process that gives it life and vitality ; it therefore necessarily follows that a process not possessing that requirement is powerless and void for any purpose, and no court can take jurisdiction of an action commenced by void process.

IV—The defendant Russell never having appeared in this action, did not waive any defects.

V—A court acquires jurisdiction by its process, and by service of the same on the defendant he is drawn within its jurisdiction ; but by the issuing and serving of void process, no jurisdiction is acquired, and all subsequent action of the court thereunder is simply void.

The want of jurisdiction makes a record utterly void, and unavailable for any purpose. *9th Cowan*, 227, *Latham vs. Edgerton.*

VI—When a statute prescribes the mode of acquiring jurisdiction over the person, that mode must be complied with or the proceedings will be a nullity. *1st Hill, Bloom vs. Burdick*, 15 ; *Smith's Leading Cases*, vol. 1, p. 378, *original paging, case of Crips vs. Duncan et al*, and other cases there cited.

VII—The summons cannot be amended. The court has no power under our statute, liberal as it is, to create something out of nothing. *Washburn vs. Kendall*, 14th *How. P. R., page* 382.

L. M. Stewart, for Respondents. ·

I—Respondent insists that after the lapse of eight years since the entry of judgment, and after plaintiff's claim would be barred by the statute of limitations, and without even claiming a defence of any kind to the cause of action upon the merits, the defendant cannot be relieved from the judgment upon the grounds on which his motion was based.

II.—If the summons had not been entitled at all, and had contained enough, (as the summons in this action did) to inform the defendant of the cause of action claimed against him by the plaintiff, and who claimed it, and the court it was intended to be brought in, it would be sufficient. *Tollman vs. Hinman,* 10 *How. P. R.* 89 *Comp. Stat* 629, *sec.* 29 ; 1 *Tiffany and Smiths' Practice,* 201.

III.—Even if the application of appellant showed equitable and meritorious grounds for opening the judgment, he could not, after an *inexcused laches of eight years* be allowed even to *open* the judgment. *Groh vs. Bassett,* 7 *Minn.,* 329; *Gerrish et al. vs. Johnson,* 5 *Minn.,* 23 ; *Thorp vs. Fowler,* 5 *Cow.,* 446 ; *Hinde vs. Tubbs,* 10 *John.,* 486 ; 2 *Tillinghast and Sherman's practice,* 723 ; *Shoulden vs. Cook,* 4 *Wend.,* 217 ; *Cormithe vs Griffing,* 21 *Barb.* 9 ; *Boyd vs. Vanderkemp,* 1 *Barb. Chan.,* 273 ; *Bliss vs. Treadway,* 1 *How. P. R.,* 245 ; *N. Y. Life and Trust Co., vs. Smith,* 2 *Barb. Ch.* 92; 2 *Tiffany and Smith's Practice* 13 ; *Jones vs U. S. Slate Co.,* 16 *How.* 129. Nor will the judgment be set aside at all, even for the *most meritorious* defence, except when there is an actual *lack of jurisdiction* which cannot be *seriously* claimed in this case unless the *default* upon which it is entered be *well excused. Bidwell vs. Whitney,* 4 *Minn.* 85 ; *Johnson vs Clark,* 6 *Wend.* 517.

IV.—The allowance of the amendment *nunc pro tunc* was

correct and in strict accordance with the statute and the current of authorities. *Comp. Stat.*, 544, sec. 94, *p.* 628, sec. 29 ; *Hinckley et al. vs. St. A. F. W. P. Co.*, 9 *Minn.*, 63 ; *Jorgensen vs. Bachmer et al.*, 9 *Minn.*, 181 ; *White & Marks vs. Culver*, 10 *Minn.*, 197 ; *Groh vs. Bassett*, 7 *Minn.*, 330 ; *Mitchell vs. Van Buren*, 27 *N. Y.*, 300 ; *Merritt vs. Putnam*, 7 *Minn.*, 493 ; *Fowler vs. Atchinson*, 5 *Cow.*, 507 ; *Houston vs. Levy Court*, 5 *Harrington*, 15 ; *Evans vs. Mills*, 16 *Texas*, 196 ; *Andrews vs. Ennis*, 16 *Texas*, 45 ; *Peck vs. N. Y. and Liverpool Steamship Co.*, 3 *Bosw.*, 622 ; *Postle vs. Millen*, 14 *Abbott*, 228 ; *Shelden vs. Wood*, 14 *How.*, 18 ; *Croghan vs. Livingston*, 17 *N. Y.*, 218 ; *Mills vs. Thursby*, 11 *How.*, 129 ; *Hale vs. Ayer*, 9 *Abbott*, 220 ; *Bradford vs. Read*, 2 *Sand. Ch.*, 163 ; 2 *Tillinghast & Sherman's Practice, p.* 1068 ; *Van Astyne vs. Cook*, 25 *N. Y.*, 489 ; 2 *Tiffany & Smith's Practice*, 15 ; *Slayter vs. Smith*, 16 *How.*, 129 ; 17 *How.*, 477 ; 9 *Abbott*, 61 ; *Sears vs. Burnham*, 17 *N. Y.*, 445 ; *Slayter vs. Smith*, 2 *Bosw.*, 673 ; 1 *Tiffany & Smith's Practice*, 202.

V.—A summons is not process within the meaning of Sec. 14, Art. 6 of the Constitution. *Ilsley vs. Harris*, 11 *Wis.*, 70. That provision is intended to apply only to process of the Court, such as executions. *Comp. Stat., p.* 567, sec. 81. By article 6, sec. 14 of the Constitution, legal pleadings and proceedings of the Courts of this State shall be under the direction of the legislature. And the legislature has upon page 537 of the Comp. Stat., prescribed the requisite formalities of a summons, which does not include the style claimed by appellant.

*By the Court*—WILSON, CH. J.—The defendant Russell made a motion in the Court below, to be relieved from a judgment entered against him in this action, on the ground that the Court had no jurisdiction to render such judgment,

"as appears upon the face of the summons, and in which the following defects exist: (1) that the action was not commenced in any court having a legal existence at the time the said pretended summons was issued; and (2) the said pretended summons has not the style required by section fourteen of article six of the Constitution of this State." The summons was personally served on the defendants, and they not appearing, judgment was entered against them by default. If the summons was void, and its service conferred no jurisdiction on the Court, of course the subsequent proceedings are void, and the judgment is a nullity.

The first objection to the summons is based on the fact that the plaintiffs therein describe the Court as of the "3rd District Minnesota Territory." This was error, Hennepin County then being in the fourth judicial district of the State; but the error did not make the summons *void*. The words objected to were unnecessary in the summons; without them the requirements of the statute were complied with, and they may properly be treated as surplusage. Their use could in no way mislead or prejudice the defendants. Our statute expressly provides that purely technical objections, like this, which do not affect the substantial rights of the adverse party, shall be disregarded.

The second objection we do not think tenable. Admitting that a summons is process within the meaning of the Constitution, the want of the style prescribed would not make it absolutely void. It would be error, of which a defendant might take advantage within the time, and in the manner designated by law. *Parsons vs. Sweet*, 32 *N. H. Rep.* 88, *and cases there cited; Ilsley vs. Harris*, 10 *Wis.* 100, *and cases cited.* But we think a summons is not process within the meaning of section fourteen article six of our State Constitution. It is merely a notice given by the plaintiff's attorney to the defendant that

proceedings have been instituted, and judgment will be taken against him if he fails to defend. This notice is not issued out of or under the seal of the Court, or by the authority of the Court, or any judicial officer. The fact that the Court acquires jurisdiction by its service, does not prove it *process*, for it is competent for the legislature to provide that the Court shall acquire jurisdiction by the service of the complaint without a summons, or in any other manner by which the defendant may be notified that proceedings have been instituted against him. "Process," in a large acceptation, is nearly synonymous with proceedings, and means the entire proceedings in an action from the beginning to the end. In a stricter sense it is applied to the several judicial writs issued in an action. 7 *Comyn's Dig.* 120; 3 *Black. Com.* 279 *et seq.; Bouvier's Law Dic.* In this last sense it is manifestly used in the Constitution, and when used in this sense, we believe it only applies to judicial instruments issued by a Court, or other competent jurisdiction and returnable to the same. A summons in our practice therefore we think is not, in a strict or proper sense, or in the sense in which the word is used in the Constitution, process. We are referred to the decision of the Court in *Hinkley vs. St. Ant. Wat. P. Co.*, 9 *Minn.* 55, *and Dorman vs. Bayley*, 10 *Minn.* 383. In the former case the court held that a garnishee summons is process, but this was not a point on which the case turned, and we presume it was therefore not much considered. The decision of the court in the latter case is not in conflict with the views above expressed. The order appealed from is affirmed.

BERRY, J.—As to the second objection discussed in the foregoing opinion, I assent to the conclusion arrived at on the ground that a summons is not "process" within the meaning of the constitution. I concur in the disposition made of the first objection.